## STEPHENS, Adm'r, vs. MAGOR and another.

PRÁCTICE.   (1) *Revivor of action.*  (2) *Joinder of action for purchase-money with claim for vendor's lien.*  (3) *Right of plaintiff to take personal judgment only.*  (4) *Judgment upon motion in one county on verdict in another.*  (5) *Reversal of judgment; unimportant irregularity.*

1. After the death of the plaintiff, an action may be revived in the name of the administrator in the manner prescribed by sec. 1, ch. 135, R. S.; and the remedy provided by ch. 363, Laws of 1860, is cumulative.
2. Under secs. 29, 30, ch. 125, R. S., a personal demand for the purchase-money of land may be united in the same action with a claim for a vendor's lien.
3. In such an action, plaintiff may abandon his claim for a lien, and take only a personal judgment, upon a verdict.
4. A judgment rendered upon motion in one county of the fifth circuit, upon a verdict found in another county thereof, *held* regular under ch, 133, Laws of 1865.
5. A judgment will not be reversed because interest from verdict to judgment has been included in the damages instead of in the costs.  (Sec. 43, ch. 133, R. S.)

APPEAL from the Circuit Court for *La Fayette* County.

This action was commenced in the name of George Raw as plaintiff, by service of a summons for relief in 1864. The original complaint alleges, in substance, that defendants, on the 1st of January, 1862, executed three promissory notes to plaintiff, each for the sum of $1,333.33, with interest, payable respectively in one, two,

and three years from that date, the same being for the
purchase-money of plaintiff's interest in certain described
lands, which had been the partnership property of plain-
tiff and defendants, but his interest in which he sold to
them at that time, upon a dissolution of the partnership;
that no part of the interest or principal due upon said
notes has been paid; that defendants still own said
lands (with an unimportant exception), and no lien or in-
cumbrance exists upon them, except that of plaintiff for
said purchase-money.; that plaintiff has no other se-
curity than said notes and said lien, which latter he has
never waived; that an action is pending in said court,
brought by him against said defendants, upon the first of
said notes; that he is still the lawful owner and holder
of all three of the notes; that no proceedings have been
had heretofore to enforce his lien as vendor of said lands;
that no action has been begun by him on the last two
notes; and that it is not the purpose of this action to in-
terfere in any manner with the action pending on the first
note, "until judgment be obtained therein." It is
further alleged that defendants are largely indebted, that
actions against them to a large amount are pending unde-
termined, and that plaintiff has good reason to fear that
he will lose and be defrauded out of said purchase-money,
unless a vendor's lien upon said lands be adjudged in his
behalf. The judgment demanded is: 1. For the amount
of the *second* note, principal and interest. 2. That the
amount of said purchase-money, with interest, be de-
clared a specific lien upon said lands in plaintiff's favor,
and that said lands, or so much thereof as may be neces-
sary, be adjudged to be sold to satisfy the amount for
which plaintiff may recover judgment in this action on
said second note. 3. That defendants, etc., be restrained
from disposing of or incumbering said lands until said
purchase-money, with interest, be paid, or until the lien
adjudged by the court be fully satisfied and discharged.
4. For costs, etc., and for general relief.

A demurrer to this complaint having been sustained, an amended complaint was served in 1867, which alleges, for a first cause of action, the execution by defendants to plaintiff, on the 1st of January, 1862, of their promissory note for $1,333, with interest, payable January 1, 1864, and that plaintiff is the owner and holder, and no part of the same has been paid, etc. For a second cause of action similar averments are made in respect to a note of defendants to plaintiff, made at the same time, and due January 1, 1865. It is then alleged that said two notes "are two of the identical promissory notes described in the first complaint herein, to which this is amendatory." A personal judgment for the amount of said notes, with costs, etc., is demanded, and, also, judgment that plaintiff "have a vendor's lien on the real estate described in his original complaint, * * in the manner and upon the terms therein specified and demanded, for the payment and satisfaction of his said damages, costs and disbursements."

A demurrer to the second cause of action was sustained, and an answer was filed, containing a general denial of the first. On the 28th of April, 1868, plaintiff's counsel presented in open court an affidavit of *Stephens*, stating that the above-mentioned plaintiff, George Raw, died on the 17th of September, 1867, and that said affiant had been "duly appointed," and was acting as administrator of his estate. Appended to the affidavit was a notice directed to the defendants' attorneys, that on the next day the court would be moved, upon said affidavit, to order the cause continued in the name of said *Stephens*, as administrator. Attached to said affidavit was also an order of court upon defendants' attorneys, of the same date, to show cause, on the next day, why the motion should not be granted ; and "on the back of said notice and order to show cause," defendants' attorneys, on the same day, admitted service of the order. At the same term, on the 6th of May, 1868, the court granted said motion ;

and the defendants excepted to the order, on the grounds that it was made upon insufficient notice to them, and was not based upon any sufficient petition. At the April term, 1869, "the said cause, then being on the calendar of causes to be tried by a jury, was reached in regular order, and thereupon the court, without motion by either party, both parties being present in court by their attorneys, referred the following question to a jury for trial, and no other, to wit: 'Are the defendants indebted to the plaintiff on the promissory note described in the complaint, and to what amount?'" The plaintiff, against defendants' objection, read in evidence the note payable January 1, 1864; and, without any further evidence being adduced, a verdict was found for the plaintiff. "Thereupon the defendants' counsel excepted to said trial, reference and finding in open court." Afterward, on the 9th of June, 1869, at a regular term of the circuit court for *Crawford* county (which, as well as *La Fayette* county, is in the fifth judicial circuit), judgment was rendered upon the verdict, due notice of the application therefor having been given to defendants' attorneys; and this judgment was ordered to be entered in the office of the clerk of the circuit court for *La Fayette* county, as of the April term, 1869.*

The defendants appealed from the judgment, excepting thereto, on the grounds that the action was never revived or continued in the name of the administrator; that there had never been any trial thereof; that no finding of facts or conclusions of law had ever been filed or made therein; that the judgment was not consistent with the complaint, was not warranted by the proof, was not sustained by any finding of facts, verdict or conclusions of law, was not

---

* Chapter 133, Laws of 1865, provides, that, at any term of the circuit court, in either of the counties composing the fifth judicial circuit, "motions and demurrers pertaining to actions or proceedings pending in the circuit court of any other of said counties, may be notified for argument, heard and determined; and the judgments and orders thereon shall be entered in the records of the proper court as of the term preceding their entry."

rendered at any term of the court in which the action was pending, and included interest after verdict.

*Chas. Dunn* and *P. A. Orton, Jr.*, for appellants, con- tended that the order reviving the action was irregular, because not in compliance with sec. 1, ch. 363, Laws of 1860,* which gave defendants twenty days to show cause after notice of the motion ; that the affidavit of *Stephens* did not state whether he had been appointed adminis- trator by *a court of this state*, and the court could not presume that to be the fact ; and that if he was appointed by a foreign court the affidavit should allege the filing of an authenticated copy of his letters and bond in the. county where the suit was pending. Ch. 28, Laws of 1860. 2. The plaintiff was bound to. elect which of his remedies, the legal or the equitable, he would pursue. The rights of a vendor in this respect are different from those of a mortgagee. 1 L. C. in Eq. 361 ; *Barker v. Smark*, 3 Beav. 64 ; Dart on V. and P. 350 ; 2 Sugden on Vend. 343 ; 1 Hilliard on Mort. 656. Plaintiff elected to pursue his equitable remedy by bringing this action to enforce a vendor's lien. Having so done, during the pendency of this action he has no personal remedy on the note. The judgment is entirely inconsistent with the pleadings. It is such a variance as could not be cured by amendment, because it changes the cause of action. 3. The verdict is not sustained by the proof, because no evidence was adduced that plaintiff was administrator of George Raw's estate. *Moore v. Rand*, 1 Wis. 247. 4. Ch. 133, Laws of 1865, provides only for judgments on motion or de- murrer (and not upon verdict) being rendered at a term

* Sec. 1, ch. 363, Laws of 1860, provides as follows : " The party entitled to revive the action shall file in the office of the clerk of the court, an affidavit, petition or supplemental complaint, and shall thereupon enter a rule of course requiring the other party to show cause within *twenty days* after service of notice of such rule, why the suit shall not be revived. If no cause be shown after twenty days from the service of such notice, the suit shall stand revived as of course *without further order.* Sec. 1, ch. 135, R. S., provides, that " the court, on motion at any time within one year" after the death, marriage or other disability of a party, "may allow the action to be continued by or against his representative or successor in interest." —REP.

in a different county from that in which the action is pending. No motion is necessary for judgment upon a verdict. R. S., ch. 132, sec. 16. 5. Interest after verdict should have been included in the costs and not in the judgment. R. S., ch. 133, sec. 43.

*M. M. Cothren* and *H. S. Magoon*, for respondent.

DIXON, C. J. The first question in this case is upon the order of the court reviving and continuing the action in the name of the plaintiff as administrator. The order was made upon motion, and an order to show cause. It is contended for the defendants, that the only mode of reviving a suit is that prescribed by chap. 363, Laws of 1860. It is argued on the other side, that the remedy there given is merely cumulative, and that the action may still be revived in the manner provided by sec. 1, chap. 135, R. S. This action was so revived. We are of the opinion that the remedy given by chap. 363 is cumulative, and that the proceedings had herein were regular.

The objection that the plaintiff could not abandon his cause of action or ground of relief for a vendor's lien, and take a judgment against the defendants personally for the sums found due upon the note, is, we think, wholly untenable. The two causes of action were properly united, and the complaint contained a demand for personal judgment as well as for the equitable relief. This was authorized by statute. R. S., chap. 125, §§ 29, 30. There was therefore no objection to the plaintiff's abandoning one cause of action and taking judgment upon the other. The defendants cannot complain.

And the judgment rendered at the term of the circuit court for Crawford county was regular. The statute provides that motions and demurrers, pertaining to actions or proceedings pending in the circuit court of any of the counties of the fifth judicial circuit, may be noticed for argument, heard and determined, at any

term of the circuit court in either of said counties, and that the judgment and orders thereon shall be entered in the records of the proper court, as of the term preceding their entry. Laws of 1865, chap. 133. The motion for judgment on the verdict was properly made, and judgment properly rendered.

The judgment for interest after verdict to time of entry is an immaterial error. The defendants are not aggrieved, so long as they do not have to pay the interest but once.

*By the Court.* — Judgment affirmed.