## TARBOX VS. FRENCH.

PRACTICE: (1-4.) *Continuance of suit in administrator's name after death of plaintiff; defects in proceedings, when disregarded.*
REPLEVIN BOND: (5.) *When breach occurs.*

1. After the death of the plaintiff, an action may be continued in the name of the administrator, on motion, as prescribed by sec. 1, ch. 135, R. S.; and the remedy provided by ch. 363, Laws of 1860, is cumulative. *Stephens v. Magor,* 25 Wis. 533, followed.
2. The statutory rule, that "in every stage of an action the court shall disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party," and that "no judgment shall be reversed or affected by reason of such error or defect" (R. S. ch. 125, sec. 40), applies in all cases where a judgment is attacked on account of such defects *collaterally.*
3. Where, after the plaintiff's death, the suit, with the knowledge and consent of the administrator, and approval of the court, was continued in the name of the administrator, and judgment rendered against him, such judgment should be held valid and binding upon the estate, although there was no formal motion for such continuance, or order granting it.
4. Perhaps, in such a case, it should be *presumed* in favor of the judgment, that there was a motion and order for such continuance of the cause.
5. The plaintiff's bond in replevin being conditioned for a return of the property in case such return is adjudged, there is a *breach* after such judgment rendered and failure to return, without any execution having been issued on the judgment.

ERROR to the Circuit Court for *Waushara* County.

This was an action upon an undertaking executed by the defendant, in 1860, as surety in a replevin suit, wherein one Waterman was plaintiff, and *Tarbox*, the plaintiff in this action, was defendant.

The complaint, after setting forth the commencement of said action of replevin, and the execution of the said undertaking, went on to state that before said action came on for trial, Waterman, the plaintiff therein died; that thereupon one Walker was appointed and qualified as administrator of the estate of said Waterman, and continued the prosecution of said action as his representative; that such proceedings were afterwards had therein that this plaintiff recovered judgment against said Walker as such administrator, for the return of the property in question, or, in default thereof, the payment of $265, its estimated value, and damages for detention, and costs; that no return of said property had ever been had, and no part of the said judgment had ever been satisfied. Prayer, for judgment against the defendant as surety in said undertaking.

Upon the trial, the plaintiff produced in evidence portions of the judgment roll in said replevin suit, as the summons, affidavit of detention of property, requisition to the sheriff, undertaking of the plaintiff in said action, and the defendant's answer, all entitled " *E. C. Waterman*, plaintiff, against *Paschal A. Tarbox*, defendant," and showing the name of H. G. Webb as plaintiff's attorney. From the same judgment roll the plaintiff also put in evidence a notice of trial, in the ordinary form, for the September term of the court, 1864, and also a notice that the defendant would be sworn on the trial in his own behalf, each dated on the 15th of September, 1864, and each having indorsed thereon an admission of service, signed " H. G. Webb, plaintiff's attorney." Both of said notices were entitled " *Thomas H. Walker*, administrator of the estate of E. C. Waterman, deceased, against *Paschal A. Tarbox*."

The judgment, also adduced in evidence, was entitled in the same manner, and was the same as set forth in the complaint. The plaintiff proved that said Walker received his letters of administration of the estate of said Waterman, in January, 1864, and that no part of the judgment had been paid. Among the papers in said replevin suit there did not appear to be any formal motion, or order entered for the continuance or revival of the suit in the name of the administrator, after the death of Waterman.

On defendant's motion, judgment of nonsuit was rendered; to reverse which plaintiff sued out his writ of error.

*George W. Burnell*, for plaintiff in error, contended that the revival of the replevin suit in the name of the administrator was sufficiently evidenced by his appearance in said action by attorney, and that the defect in the proceedings, for want of a formal motion and an order reviving the suit, could not be taken advantage of collaterally. R. S. ch. 101, sec. 17; 10 Wis. 303, 313, 563; 11 id. 401.

*L. L. Soule* and *George D. Waring*, for defendant in error, contended that the judgment in the replevin suit was void; that after the death of the plaintiff therein, the action could be revived only in the manner prescribed by statute, and the record showed no evidence that it had been so revived (Laws of 1860, ch. 363; 10 Wis. 563; 13 id. 569; 2 Abb. Pr. R. 229; 10 id. 379; 14 id. 46; 29 Barb. 664; 41 id. 211; 36 N. Y. 619); and that before proceedings could be maintained against the surety in the plaintiff's bond in such replevin suit, execution should have been issued to procure the return of the property, and returned unsatisfied. 2 Burr. Pr. 27; 10 Wend. 333; 5 Hill, 294; 12 Wend. 122; R. S. ch. 140, sec. 51.

Dixon, C. J. It was held in *Stephens v. Magor*, 25 Wis. 533, that the remedy given by chap. 363, Laws of

1860, to revive actions, was merely cumulative to that given by sec. 1, ch. 135, R. S., which might still be resorted to, and by which the court, in case of the death, marriage or other disability of a party, is authorized on motion to allow the action to be continued by or against his representative or successor in interest. It would be no great stretch of presumption, perhaps, to hold that the replevin suit in question was continued on motion in favor of the administrator of Waterman, unless the contrary be clearly and positively shown. But, whether this be the presumption or not, it is clear enough that the suit was in fact continued and prosecuted to final judgment by and with the knowledge and consent of the administrator, and with the consent and approbation of the court, either with or without a motion for its continuance in the name of the administrator having been formally made and granted by the court.  Suppose no motion was formally made and granted : what then was the effect upon the suit and the judgment which was obtained against the administrator ?  Was the court without jurisdiction, and the judgment void ?  Was it a judgment against the administrator as the representative of the deceased, and did it bind the estate ?  If the court was without jurisdiction, and the judgment void, or if it was not a judgment against the administrator in his representative capacity, and so did not bind the estate, it must have been merely for want of a motion and order in form continuing the action in favor of the administrator.  The substance of the statutory requirement was in reality complied with.  There was the application of the administrator to continue and prosecute the suit in his representative capacity.  He did so continue and prosecute it.  The defendant in the suit appeared and prosecuted his claim to the property against the administrator as such, and recovered a judgment for it.  All this was done with the knowledge and approbation of the court.  Shall the absence of a motion

and order be said to vitiate and nullify the proceedings and judgment thus had and rendered? Or shall they not rather be said to be in all respects as valid and effectual as if the motion and an order continuing the action in the name of the administrator had been formally made and entered? The statute provides that the court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect. R. S. ch. 125, § 40. That is where the proceeding is direct or in the action itself, to take advantage of the error or defect, or to set aside or reverse the judgment; and for still stronger reason should the same rule prevail where the objection comes up collaterally, as in this instance. We are of opinion that the judgment was not void, nor so erroneous, even, that it could have been reversed or vacated; and that it was against and bound the administrator as such, and the estate and property of the deceased which he represented. See *Knox v. Bigelow*, 15 Wis. 423.

The foregoing remarks dispose of all the objections taken in behalf of the defendant in error, who was the defendant below, save that there should have been an execution issued on the judgment for a return of the property, and an effort made in that way to obtain it, before bringing suit against the defendant in error upon his undertaking. The undertaking required nothing of the kind. The condition of that was, to return the property if return thereof should be adjudged. Such return was adjudged to the plaintiff in error, but was never made. That constituted a breach of the condition, and a good cause of action against the defendant in error. The judgment should be reversed, and a *venire de novo* awarded.

*By the Court.*—It is so ordered.