JOSEPH FOX, PLAINTIFF IN ERROR, v. O. A. ABBOTT AND T. J. HURFORD, ADMINISTRATORS OF THE ESTATE OF E. W. ARNOLD, DEFENDANTS IN ERROR.

Joint Debtors: REVIVOR OF JUDGMENT. Judgment was rendered in a county court against A., B., C. and D., a transcript of which was filed in the district court. The plaintiff having died, on proceedings to revive in favor of his administrators the action was dismissed as to D., and a new judgment rendered against A., B. and C. *Held*, that the judgment being a joint liability, the revivor must be in that form.

ERROR to the district court for Hall county. Tried below before POST, J. The opinion states the case.

*George W. Ambrose,* for plaintiff in error.

*Abbott & Caldwell,* for defendants in error.

MAXWELL, J.

In September, 1875, a judgment was rendered in the probate court of Hall county against Seth P. Mobley, A. T. Potter, Joseph Fox and James Baldwin, for the sum of $279.56 and costs, in favor of E. W. Arnold, the court finding that Fox was merely surety. Payments were made by Mobley upon the judgment, of various sums, amounting to more than $100.00. A transcript of the judgment was filed in the district court of Hall county on the 3rd day of May, 1878, and at the October term,

1880, of said court, the death of Arnold was suggested, and a conditional order of revivor was entered, requiring the defendants therein to show cause by the next term of court why the action should not be revived in the names of the administrators, the defendants herein. This order was served upon Mobley, Baldwin and Fox, no service being had upon Potter. The court thereupon dismissed the proceedings as to him without prejudice, and rendered judgment against Mobley, Baldwin and Fox for the sum of $245.19 and costs. Fox brings the cause into this court by petition in error.

Section 472 of the code provides that: " If either or both of the parties die after judgment, and before satisfaction thereof, their representatives, real or personal, or both, as the case may require, may be made parties to the same, in the same manner as is prescribed for reviving actions before judgment, and such judgment may be rendered and execution awarded as might or ought to be given or awarded against the representatives, real or personal, or both, of such deceased party."

Section 458 provides that: " Where one of the parties to an action dies, or his power as a personal representative cease, before the judgment, if the right of action survive in favor of or against his representatives or successor, the action may be revived, and proceed in their names."

Section 459 provides that: " The revivor shall be by a conditional order of the court, if made in term, or by a judge thereof, if made in vacation, that the action be revived in the names of the representatives or successor of the party who died, or whose powers ceased, and proceed in favor of or against them."

Section 460 provides that: " The order may be made on the motion of the adverse party, or of the representatives or successor of the party who died, or whose powers ceased, suggesting his death or the cessation of his powers, which, with the names and capacities

of his representatives or successor, shall be stated in the order."

Section 461 provides that: " If the order is made by consent of the parties, the action shall forthwith stand revived; and if not made by consent, the order shall be served in the same manner, and returned within the same time, as a summons, upon the party adverse to the one making the motion, and if sufficient cause be not shown against the revivor, the action shall stand revived."

Section 45 of the code provides that: " An action does not abate by the death, marriage, or other disability of a party, or by the transfer of any interest therein, during its pendency, if the cause of action survive or continue. In the case of the marriage of a female party, the fact being suggested on the record, the husband may be made a party with his wife, and, in the case of the death or disability of a party, the court may allow the action to continue by or against his representatives or successor in interest. In case of any other transfer of interest, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action."

The supreme court of Ohio in construing section 77 of the code, (section 84 of Nebraska,) say: " In an action upon a joint contract, all who are jointly liable must be joined. In this respect the rule of the common law has not been changed by our code. These propositions are not disputed by defendants in error, but they contend that, under section 77 of the code, the judgments below were authorized. It is provided by that section that " where the action is against two or more defendants, and one or more shall have been served, but not all of them, the plaintiff may proceed as follows: 1. If the action be against defendants jointly indebted on contract, he

may proceed against the defendants served, unless the court otherwise direct," etc.

We do not understand that this section was intended to modify the common law practice. The mistake of defendant's counsel, as well as of the court below, consists in placing too much stress on the word " served," and not enough on the word " action," as contained in this section. The action below was against only two of the four joint contracting parties. The filing of a petition alone does not amount to "an action." The 55th section of the code provides : " A civil action must be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to issue thereon." It is true, the amended petition charged W. H. Bazell and A. J. Manford, as being jointly indebted with J. B. Bazell and W. A. Simonton, but no summons was issued against the former. While, therefore, it is true that the latter were "served," it is not true that " an action " was commenced against the former. Hence, section 77 did not authorize the judgment against those of the joint contractors who were served with summons. To authorize the judgment as rendered, summons should not only have been issued against the other joint contractors, but should also have been returned not found. *Bazell v. Belcher*, 31 Ohio State, 572.

This seems to be as applicable to a proceeding to revive a judgment as in an original action. The judgment is joint. The parties are equally bound to the creditor for its payment. If an action must proceed, in form at least, against all jointly bound on a joint obligation, must it not do so when the object of the proceeding is not to render a new judgment, but to substitute parties to one already in existence ? Proceedings to revive actions and judgments are borrowed from the practice in chancery. A suit in equity was abated by the death, marriage, or other disability of a party. 1 Barb. Ch. Pr.,674 ; 1 Van

Santvoord Eq. Pr., 302. Such abatement merely suspended the progress of the suit until new parties were brought before the court. Abatement was either as to the suit, or as to the party. If there was no longer any person before the court by or against whom the action could proceed, it must be revived before any further proceedings could be had. But, if on the death of a party, a cause of action survived to or against some other of the parties, so that a perfect decree could be made between the surviving parties, the action did not abate as to the survivors. Id. These distinctions seem to be preserved under the code. Under the former practice the course of procedure was by bill of revivor or supplemental bill. " Whenever a suit abated by death, and the interest of the person whose death caused the abatement was transmitted to that representative which the law gives or ascertains, as an heir-at-law, executor or administrator, so that the title could not be disputed, at least in the court of chancery, but the person in whom the title vested was alone to be ascertained, the suit might be continued by bill of revivor merely; so also, if a suit abated by the marriage of a female plaintiff, and no act was done to affect the rights of the party but the marriage, no title could be disputed; the person of the husband was the sole fact to be ascertained, and therefore the suit might be continued in this case likewise, by bill of revivor merely. If, however, upon the abatement happening, the interest of the party did not vest in any representative which the law gives or ascertains, as in the case of bankruptcy or insolvency, or of a devisee of real estate, the suit could not be continued by bill of revivor, but must, where the abatement was caused by the bankruptcy or insolvency of a defendant be continued by supplemental bill. So, where the suit abated by the bankruptcy or insolvency of a sole plaintiff, his assignees could not continue the suit by bill of revivor, but must

do so by original bill, in the nature of a supplemental bill. So also, in a suit relating to land, where a plaintiff died, having devised the land which was the subject of the litigation, the suit could not be continued on the part of the devisee by a simple bill of revivor." 2 Daniels. Chancery Pl. and Pr., (4 Am. Ed.,) 1507–8.

Title 13 of the code provides a summary remedy for reviving actions by a conditional order of the court, if made in term time, or by a judge if in vacation. This order, in case of a joint action, is not against a part of the defendants. That is, if the action is against A., B., C. and D., it must be, in form at least, against all, and not merely a part. If the discharge of one, jointly bound, will discharge all, what would be the effect of dismissing the action as to one? The chapter providing for a summary revivor of actions is not exclusive. The court undoubtedly has power under section 45 of the code to allow the action to be prosecuted by or against the representatives of a deceased party, in which case supplemental pleadings may be filed and summons served as in the commencement of an action. And this is the practice in Ohio under a similar statute. *Carter v. Jennings*, 24 Ohio State, 182. The judgment being unauthorized must be reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED,