M. J. CLARK V. COMMERCIAL NATIONAL BANK OF COLUMBUS, NEBRASKA, ET AL.

FILED APRIL 30, 1903. No. 12,815.

Revivor of Judgment: JOINT DEBTORS. Where a judgment against joint debtors is sought to be revived, all those jointly liable should be made parties to the action. But where all are made parties and a summons is issued against all, the fact that one or more of the parties can not be found will not abate the action against those found and properly served. *Fox v. Abbott,* 12 Neb. 328, distinguished.

ERROR to the district court for Platte county: CONRAD HOLLENBECK, DISTRICT JUDGE. *Affirmed.*

*Whitmoyer & Gondring,* for plaintiff in error.

*McAllister & Cornelius, contra.*

OLDHAM, C.

This was an action to revive a judgment entered by a justice of the peace of Platte county, Nebraska, on a joint note executed by Henry McCabe, M. J. Clark and Martin Maher. A transcript of the judgment was filed in the office of the clerk of the district court, and an affidavit for revivor in statutory form was filed by plaintiff's attorney. Summons was issued against all the defendants. The return of the summons showed service on defendant Clark, and that defendants Maher and McCabe could not be found in the county. A judgment of revivor was entered by the district court, and defendant Clark brings error to this court.

Two objections are urged against the order of revivor in the brief of plaintiff in error. The first is that the original judgment of the justice of the peace was void, because no hour was named in the summons and on the docket of the justice at which defendants were to appear, and consequently that no valid judgment could be entered against them by default. It is also urged in this connection that the judgment of the justice of the peace does not show the appearance of plaintiff on the day of the trial. These contentions are all based on a misconstruction of the record of the proceedings before the magistrate. The record shows that summons was issued August 23, 1887, returnable August 29, 1887, at 9 o'clock A. M. The return shows that the summons was served personally on each of the defendants on August 25, 1887—four days before the time set for trial. The judgment of the justice of the peace shows that the defendants failed to appear at the hour of 9 A. M. on the day set for the trial, and for one hour there-

after, "but has made default, and this cause coming on for hearing upon the plaintiff's bill of particulars and the evidence, I find in favor of the plaintiff"; and the judgment then follows. We think that sufficient appears from this docket entry to show that the plaintiff was present introducing testimony at the time the trial was had before the magistrate, and that the judgment of the justice was valid.

The next contention is that as it appears by stipulation in the bill of exceptions that defendant McCabe had departed this life in the territory of Oklahoma, before this action was instituted, the action could not proceed against other of the joint debtors until his executor or administrator had been made a party. The case of *Fox v. Abbott*, 12 Neb. 328, is cited in support of this contention. The doctrine announced in this case as we understand it is, that where an action is brought to revive a judgment against joint debtors, all the joint contractors must be made parties to the action; in other words, a judgment creditor can not single out one of two joint debtors and proceed to revive against them alone. But we do not understand that where some of the joint debtors have removed from the state so that process can not be served upon them, this fact will abate the action against those found and properly served. *Fox v. Abbott, supra*, follows the construction of section 77 of the Ohio code, which corresponds to section 84 of our code, made by the supreme court of Ohio in *Bazell v. Belcher*, 31 Ohio St. 572. In this case the Ohio court say:

"Section 77 of the code authorizes a judgment against such joint contractors as have been 'served' with summons in the action, in those cases only, where the action was commenced by the filing of a petition and the issuing of a summons against all of the joint contractors."

That is just what was done in the instant case. The action was commenced against all; summons was issued against all; and all who could be found in Platte county were served. This was not done in *Fox v. Abbott, supra*. Hence, MAXWELL, J., says in that opinion (p. 331):

"To authorize the judgment as rendered, summons

should not only have been issued against the other joint contractors, but should also have been returned not found."

We are, therefore, of the opinion that the judgment of the district court is right, and should be affirmed.

BARNES and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.