H. L. BOYES AND THE FARMERS AND MERCHANTS BANK, *a corporation,* v. GEORGE A. MASTERS, THE FIRST NATIONAL BANK OF CHANUTE, KANS, *a corporation,* AND DORA WICKARD, DAN WICKARD, SARAH K. WICKARD, SUSAN F. WICKARD, ROBERT M. WICKARD AND JESSIE B. WICKARD, *heirs of* S. A. WICKARD, *deceased.*

*S. H. Harris,* for plaintiffs in error.

*H. B. Marlin,* for defendants in error.

Opinion of the court by

PANCOAST. J.: The opinion in this case was handed down on June 6, 1905, and subsequent thereto, under the rules of this court, petition for rehearing was filed, upon consideration of which the court came to the conclusion that it had misconstrued the language of the mortgage securing the indebtedness sued on, and for that reason granted a rehearing.

It seems from an examination of the record that at the date of the making of the mortgage which forms the basis of this action in foreclosure, there was an indebtedness due the Farmers & Merchants' Bank from the Stanley Basin Dredging Company, principals, which indebtedness had been guaranteed by S. A. Wickard, mortgagor. That this indebt-

edness existed at the date of the execution of the mortgage in this case there seems to be no dispute, and that the advances of money constituting this indebtedness had been made by the bank to the Stanley Basin Dredging Company upon the solicitation and request of Wickard appears equally clear; in fact, it seems from the record that this indebtedness was made altogether upon the strength of Wickard's credit with the bank, he specially guaranteeing its payment.

The record also discloses that afterwards, or perhaps at the time that this mortgage was executed, there had been some advances made to Wickard of money for the purpose of purchasing, storing and handling broom corn, and an agreement to advance certain other moneys for that purpose, this being the condition of the business between the parties when the mortgage sued on in this case was executed. The indebtedness sued on was, at the time of the execution of the mortgage, in the form of overdrafts, but was afterwards placed in the form of a note, being the note which forms the basis of the action in this case.

The mortgage, therefore, being written in the light of the peculiar conditions of the business transactions, was not given for any definite amount of indebtedness, but in lieu of the ordinary language used describing the indebtedness, the following appears in the mortgage:

"This mortgage is given to secure the performance of the following contract and agreement between the parties thereto, viz: the said second party has loaned and advanced certain moneys to the first party, and agrees to loan and advance additional sums for the purpose of assisting the first party in the purchase, handling and storing of broom corn in said county and other counties in Oklahoma Territory, the

intention of this contract being that said property is pledged as security for the payment of any sums now due or hereafter falling due from the said first party to the second party, either in person or to the Farmers' & Merchants' Bank, of which he is representative; whether said sums be evidenced by promissory note, overdraft or otherwise, this mortgage shall stand as security for the payment thereof in the usual course of business, or in accordance with the special contract and agreement between the parties with reference thereto."

The defendant, George Masters, who was at one time a party interested in the dredging company and also interested with Wickard in the purchasing and handling of broom corn, signed the note sued on, with Wickard. The defendant the First National Bank of Chanute, Kansas, held a mortgage upon the same property, which was conceded to be junior to the mortgage sued on. The answer of the First National Bank of Chanute was that the indebtedness secured by the plaintiff's mortgage had been paid. The answer of Wickard and Masters was that the mortgage had no relation to the note sued on, and that the indebtedness secured by the mortgage had been paid; that the note sued on was executed on account of advances of moneys to the Stanley Basin Dredging Company, and that these defendants were sureties only, and that there was an agreement that they should not be held liable until the plaintiff had made a *bona fide* effort to collect the same from the principal, the Stanley Basin Dredging Company.

At the trial, the principal contention arose over the language in the mortgage, above quoted, and the indebtedness it was given to secure, it being contended by the plaintiff below that the language of the mortgage was definite and certain, and included the indebtedness sued on, while on the

other hand, it was claimed by the defendants that the mortgage was uncertain, indefinite and general in its terms, and was not given to secure the indebtedness sued on, and was subject to explanation by parol evidence. The trial court took the view of the defendant, and allowed parol testimony to be introduced to explain the mortgage. This parol testimony was to the effect that the mortgage was not given to secure the indebtedness named in the note, but was given to secure an advancement of moneys for the purchase and handling of broom corn, and that the moneys advanced for the purchase and handling of broom corn had been paid.

It is urged that in the introduction of this evidence the trial court erred. This requires an examination and construction of the language of the mortgage, quoted above. If the instrument is sufficiently definite and certain that it can be determined from an examination thereof what indebtedness or what class of indebtedness was secured thereby, then the language of the instrument must control; but if it is so uncertain that it cannot be determined from the face of the instrument itself what indebtedness or what class of indebtedness was intended to be secured thereby, then parol evidence was admissible to remove the ambiguity, and to identify the indebtedness.

It is evident that the debt intended to be secured by the mortgage is not described with such precision as to enable it to be identified by a comparison with the mortgage; therefore, the rule is that the identity of the indebtedness may be established by parol evidence. But it does not follow that parol evidence may be introduced to show that the mortgage was intended to secure only one class or part of the indebtedness therein mentioned. The language of the mortgage is

that "second party has loaned and advanced certain moneys to the first party and agrees to loan and advance additional sums for the purpose of assisting· the first party in the purchase, handling and storing of broom corn * * * the intention * * being that said property is pledged as security for the payment of any sums now due or hereafter falling due * * to the second party * * *."

Here, then, the language plainly shows that two classes of moneys were intended to be covered. One is, money already advanced; another is, money to be advanced for a certain purpose. It was incumbent, then, upon the plaintiff below to establish by parol evidence that the note sued on was given either for the money already advanced or that which was thereafter advanced, but it was error for the court to receive parol evidence to the effect that the mortgage was intended to secure money advanced for the purchasing and handling of broom corn only, or to show that the language "has loaned and advanced certain moneys," and "that said property is pledged as security for the payment of any sums now due or hereafter falling due," referred solely to advances for the purchase and handling of broom corn. To allow evidence of this character would be to change the terms of the written instrument, as it is plain from the language of the contract itself that it covered any sums then due or to become due.

The original opinion in this case is therefore modified to meet the views herein expressed; and the cause is reversed and remanded for a new trial.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.