## BOYES *et al.* v. MASTERS *et al.*

No. 743. Opinion Filed March 21, 1911.

(114 Pac. 710.)

1. ABATEMENT AND REVIVAL—Nature of Right of Revival. The right to revive an action under article 19, c. 66, Wilson's St. Okla. 1903, does not depend on the discretion of the court or of the judge making the order but, under the condition and within the time therein limited, is a matter of right.

2. ABATEMENT AND REVIVAL—Exclusiveness of Statutory Remedy. Article 19 of chapter 66 of said statute provides a summary remedy for reviving an action. but the remedy thus provided is not exclusive. The court has power under section 4238 of said statute, in the exercise of sound discretion, to allow the action to be prosecuted against the legal representatives of a deceased party defendant, and, allow them to be brought in by supplemental petition, pursuant to section 4348 of said statute.

3. SAME—Case. Where, pending an action to forclose a mortgage, W., the defendant mortgagor, died, leaving him surviving a widow and five children, three of whom were minors, all of whom by attorney appeared. and, after a guardian ad litem had been appointed for said minors, said widow and adult heirs for themselves, and said minors by their said guardian, answered; and where, after judgment in their favor, proceedings in error therein were commenced by plaintiff in the Supreme Court of Oklahoma Territory, pending which said widow, a coexecutor of the will of said W., died after the submission, but before a decision. of said cause in said court; and where, after mandate to the trial court, plaintiff by supplemental petition filed sought to bring in the remaining executor of W. and her executors as parties defendant, but was met with a motion to dismiss the cause on the ground of failure to revive against said minor heirs of said W., and that more than one year had expired since the death of said widow; and where by amended supplemental petition plaintiff seeks to bring in said heirs, together with said executor of W. and the executors of said widow, as parties defendant—held, no ques-

tion of laches raised, that the court erred in refusing him permission so to do.

4.　　**APPEAL AND ERROR—Disposition of Cause—Death of Defendant in Error Between Submission and Decision.** The fact of the death of the defendant in error, between the submission and decision of a cause in this court, does not impair the validity of a judgment thereinafter rendered, but this court will, on proper showing, set aside the judgment, recall the mandate, and direct the clerk to refile the opinion and enter judgment in the case **nunc pro tunc,** as of the date when the same was submitted.

(Syllabus by the Court.)

*Error from District Court, Noble County; Wm. M. Bowles, Judge.*

Action by H. L. Boyes and others against George A. Masters and others. From the judgment plaintiffs bring error. Reversed and remanded, with directions.

*Harris & Wilson* and *Claude Nowlin,* for plaintiffs in error. *H. B. Martin,* for defendants in error.

TURNER, C. J.　On November 10, 1902, H. L. Boyes, one of the plaintiffs in error, sued S. A. Wickard, George A. Masters, and the First National Bank of Chanute, Kan., in the district court of Noble county, on a certain promissory note for $2,564.75, theretofore made, executed, and delivered to plaintiff by said Wickard and Masters, and to foreclose a certain mortgage upon certain lots in the city of Perry, given plaintiff by Wickard to secure the payment of the same. The First National Bank of Chanute, Kan., was alleged in the petition to have some interest in or lien upon the lots junior to the mortgage of plaintiff, and was made a party defendant. The note and mortgage were attached as exhibits to his petition. Later defendants appeared and demurred, pending which the Farmers' & Merchants' Bank, the other plaintiff in error, was, by amended petition, made a party plaintiff. On April 28, 1903, defendants demurred to said amended petition, and the First National Bank of Chanute, Kan., filed its answer thereto. On July 1, 1903, the death of S. A. Wickard was suggested, and the action, by consent, was by the court ordered revived against his heirs, Dan K. Wickard, Dora M.

Wickard, Sarah K. Wickard, Jessie B. Wickard, Susan F. Wickard, and Robert M. Wickard, the three last named being minors, and a guardian *ad litem* appointed for them, who accepted the appointment and was sworn and qualified as such then and there in open court. Later all of said adult heirs for themselves, and said minor heirs by their said guardian, filed anwers to plaintiffs' amended petition, to which plaintiffs replied. Upon the issues thus joined the cause was tried to the court, and judgment rendered and entered in favor of plaintiffs against the defendant George A. Masters for $3,398.29, interest and principal due on said note. At the same time the court found that the mortgage sought to be foreclosed had been paid; that the defendant the First National Bank of Chanute, Kansas, and said heirs of S. A. Wickard, deceased, were not indebted to plaintiffs, and judgment was entered accordingly.

After motion for a new trial filed and overruled, plaintiffs commenced proceedings in error in the Supreme Court of the territory of Oklahoma. There, on September 6, 1905, the judgment of the district court was reversed, and the cause remanded for a new trial. *Boyes et al. v. Masters et al.,* 17 Okla. 460, 89 Pac. 198. After the submission and before the decision of the cause in the Supreme Court, to wit, on March 19, 1905, Dora M. Wickard died. As soon as the fact of her death became known to plaintiffs, they, on June 3, 1907, after the return of the mandate, suggested her death in the district court, and it appearing to the court to be true, that she was one of the executors of the last will of S. A. Wickard, that Dan K. Wickard and Sarah (Wickard) Clemens were executors of her last will and testament, and that Dan K. Wickard was then sole executor of the last will and testament of said S. A. Wickard, deceased, it was ordered by the court that Dan K. Wickard and Sarah K. (Wickard) Clemens, as the executors of Dora M. Wickard, be and they were made parties defendant and ordered served with summons, and plaintiffs were given leave to file a supplemental petition, setting forth their cause of action against said defendants.

On June 7, 1907, pursuant to leave thus granted, plaintiffs filed their supplemental petition against the defendants Dan K. Wickard, as sole executor of the last will of S. A. Wickard, de-ceased, and against Dan K. Wickard and Sarah K. (Wickard) Clements, executors of the last will of Dora M. Wickard, de-ceased, and embodied therein their original amended petition and prayed judgment against said defendants as in said original and amended and supplemental petitions set forth, and for general relief. After service by publication, on September 16, 1907, de-fendants' attorney appeared and to the court in substance stated that theretofore at the time of the revivor against the heirs of S. A. Wickard, deceased, three of said heirs were minors; that no service of a motion to revive said action had ever been served on them, by reason of which said pretended order of revivor against them was void; that after the death of Dora M. Wickard said proceeding in the Supreme Court of the Territory of Oklahoma was not thereafter revived in said court; that all subsequent pro-ceedings in said court were void; that at the time of the revivor of the cause in the district court against the heirs of Dora M. Wickard, deceased, more than one year had elapsed from the time of her death and for that and the further reason that said order of revivor was entered without the consent of the defendants in said action, the same was void; and moved to dismiss the cause at plaintiffs' cost.

On October 11, 1907, plaintiffs brought into court their amended supplemental petition, therein made reference to their petition, amended petition, and supplemental petition, made the contents thereof a part of their amended supplemental petition, and asked leave to file the same. After stating therein that at the time the revivor was had against the heirs of S. A. Wickard, deceased, they believed the attorneys therein appearing for them had authority so to do, and that said revivor was good; that their opinion then was that said minors could not be bound by consent of their attorneys; that since said attempted revivor all of said heirs, except Robert M. Wickard, had become of age and con-

tinued to appear in said cause; that neither plaintiffs nor their attorneys knew of the death of Dora M. Wickard until more than one year thereafter; that she died a nonresident, after which her attorneys continued to appear for her in said cause; that, notwithstanding Jessie B. Wickard and Susan F. Wickard have since said attempted revivor appeared as parties defendant in said cause, out of an abundance of caution they were included as such in the amended supplemental petition; that all parties against whom the revivor is sought are nonresidents of the state and claim no interest in the mortgaged property, except as devisees of said S. A. and Dora M. Wickard, deceased; that George A. Masters is the duly appointed and qualified guardian of the person and estate of Jessie B. Wickard, Susan F. Wickard, and Robert M. Wickard. They prayed that said heirs and Dan K. Wickard, as executor of the last will of S. A. Wickard and Dan K. Wickard, and Sarah K. (Wickard) Clemens and George A. Masters, as guardian of said minor heirs of S. A. Wickard, be made parties defendant; that they be required to set up what interest, if any, they have in the property in controversy, and for leave to make service on them and to carry on this cause against said parties as parties in interest, and for judgment as prayed in their original petition. At the time said application was filed, there was filed by defendants a motion to dismiss the cause, both of which were submitted together, but no action was taken thereon until March 27, 1908, at which time they came on for hearing in the district court of Noble county. There on April 23, 1908, both the application and motion to dismiss were overruled, and plaintiffs bring the case here. As Dan K., Dora M., and Sarah K., Wickard were of age at the time of the death of S. A. Wickard and the propriety of the subsequent revivor against them by consent is unquestioned, the same will be no further noticed.

It is assigned for error that the court abused his discretion in refusing to permit plaintiffs to file their said supplemental petition. Having heretofore decided in *Goldsborough v. Hewitt*, 26 Okla. 859, 110 Pac. 906, that the fact of the death of a de-

fendant in error between the submission and decision of a cause in this court does not impair the validity of the judgment thereinafter rendered, and that this court will, on proper showing, set aside the judgment, recall the mandate, and direct the clerk to refile the opinion and enter judgment in the case *nunc pro tunc*, as of the date when the same was submitted, we are of the opinion that the death of Dora A. Wickard did not affect the judgment of reversal by the Supreme Court of the territory of Oklahoma (*Boyes et al. v. Masters,* 17 Okla. 460, 89 Pac. 198), and hence the controversy before us may be considered eliminated of that fact. Assuming, out of an abundance of caution, as plaintiffs' counsel has done, that, upon the suggestion of the death of S. A. Wickard, the suit was not properly revived in the district court against his minor heirs by consent and the order of court thereupon entered, and further assuming with counsel for both sides that said heirs and the executors of the last will of said Wickard and Dora M. Wickard, his wife, are necessary parties to the action of foreclosure set forth in the original petition, the only question passed on by the trial court, and which is for us to determine, is whether the summary method of revivor of actions prescribed by article 19 of chapter 66 of Wilson's Revised and Annotated Statutes of Oklahoma is exclusive, and, if not, whether under sections 4238 and 4348 of said statutes the court should have permitted by this proceeding a revivor of this action against said heirs and the executors of said Wickard and Dora M., his wife. Section 4238 of Wilson's Revised and Annotated Statutes of Oklahoma provides:

"An action does not abate by the death or other disability of a party, or by the transfer of any interest therein during its pendency, if the cause of action survive or continue. In case of the death or other disability of a party, the court may allow the action to continue by or against his representatives or successors in interest. In case of any other transfer of interest, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action."

Article 19, c. 66, provides, in substance, for the revivor of the action, when it survives, by a conditional order of court to be made in term or by a judge if in vacation. It provides a method of service of the order and, if sufficient cause is not shown against the revivor, the action stands revived. It further provides, in substance, that the order cannot be made except by consent within one year from the time it could have been first made. The right to revive under this article does not depend on the discretion of the court or judge making the order, but under the conditions and within the time therein limited is a matter of right. *Kilgore v. Yarnell et al.*, 24 Okla. 525, 103 Pac. 698. Section 4348 reads:

"Either party may be allowed, on notice, and on such terms as to cost as the court may prescribe, to file a supplemental petition, answer, or reply, alleging facts material to the case, occurring after the former petition, answer, or reply."

Construing similar statutes, the following cases hold that the method provided in article 19 of chapter 66, *supra,* is not exclusive of the right of the court to permit it to be prosecuted against the representatives of a defendant, as provided in section 4238, *supra,* and to revive it by supplemental petition, as provided for in the last section of the statute cited: *Carter v. Jennings,* 24 Ohio St. 182; *Black v. Hill,* 29 Ohio St. 87; *Fox v. Abbott,* 12 Neb. 333, 11 N. W. 303; *Rakes v. Brown,* 34 Neb. 304, 51 N. W. 848; *Hunter v. Leahy,* 18 Neb. 81, 24 N. W. 680; *Missouri Pacific R. Co. v. Fox,* 56 Neb. 746, 77 N. W. 130.

The leading case on the subject seems to be *Carter v. Jennings,* 24 Ohio St. 182. That was a suit for the cancellation of a note and mortgage. Subsequent to the filing of the report of the referee, the defendant died and letters of administration were granted on his estate. After more than one year had expired from the date of his death, plaintiff applied for an order to revive the action against his administrators. The order was granted, as also was leave to plaintiff to file a supplemental petition to revive the action against said administrators. Among the defenses

pleaded was that there was no motion for a conditional order of revivor within one year from the time the suit could have been first revived, and that there was no revivor of the same, either actual or conditional, within one year after the appointment of said administrators, and that said administrators did not consent to revive the action. On the hearing the district court found the facts as stated, and that neither plaintiff nor his attorneys had knowledge of the appointment of the administrator until about the time application was first made to revive. The case went to the Supreme Court on a question reserved. There the court, speaking to title 13, c. 1, of the Code (2 Swan. & C. Rev. St.), substantially the same as our article 19, c. 66, *supra,* said:

"That chapter of the Code provides for reviving the action, where the right of action survives, by a conditional order of the court, if made in term, or by a judge, if in vacation. The order is to be served in the mode prescribed, and if sufficient cause be not shown against the revivor, the action stands revived. The order cannot be made, except by consent, unless within one year from the time it could have been first made. When, under the provisions contained in the chapter, an action stands revived, the trial is not to be postponed by reason of the revivor, if the action would have stood for trial in case no revivor had become necessary."

Speaking to a section of the Code almost identical with our section 4238, *supra,* the court said:

"Title 3 of the Code. treats of the general rules in regard to parties, and of the authority of the court to allow a change of parties, and to require others to be brought in, when necessary to a determination of the controversy. Under this title, section 39 provides, among other things, that an action does not abate by the death of a party during its pendency, if the cause of action survive or continue. 'That in case of the death * * * of a party the court may allow the action to continue by or against his representative or successor in interest.' While we have not found the question free from difficulty, we have arrived at the conclusion that a fair consideration of the Code warrants us in laying down the following propositions as applicable to the case: (1) The right to revive an action, under title 13, c. 1, of the

Code, is not dependent on the discretion of the court or of the judge making the order, but, under the conditions and within the time therein limited, is a matter of right. (2) The chapter of the Code above referred to provides a summary remedy for reviving an action, but the remedy thus provided is not exclusive. The court has power, under section 39 of the Code, in the exercise of a sound discretion, to allow the action to be prosecuted by or against the representatives or successors in interest of a deceased party. For this purpose supplemental pleadings may be allowed and process served as in the commencement of an action. (3) The court, in the exercise of this discretion, is governed by the equitable principle which requires reasonable diligence and good faith on the part of those invoking its action; and where the time had elapsed within which an action can be revived by a conditional order, as provided for in title 13, c. 1, of the Code, the application for leave to continue the suit by supplemental pleading may be granted or refused, according to the nature and circumstances of the case. * * * On the supplemental petition, the action is ordered to be revived against the administrators of Jennings. As to all other matters, the cause is remanded to the district court for further proceeding."

Although the court did not speak of it, section 142, c. 7, tit. 7, identical with our section 4348, *supra*, was in force in that jurisdiction at that time. To the same effect is the holding of the Supreme Court of Nebraska construing similar statutes.

Maxwell's Pleading and Practice (5th Ed.) 713, says:

"The summary mode of reviving actions provided by the Code is not exclusive. The court has power under section 45 of the Code to allow the action to be prosecuted by or against the representatives or successors in interest of a deceased party. For this purpose supplemental pleadings may be allowed and process served as in the commencement of an action"—citing *Carter v. Jennings,* 24 Ohio St. 182; *Fox v. Abbott,* 12 Neb. 328, 11 N. W. 303.

Section 45 of the Code referred to is substantially the same as our Code; section 4238, *supra,* and article 19, c. 66, *supra,* are substantially the same, if not identical, with title 13 of their Code of Civil Procedure (Comp. St. Neb. 1889). Construing

said statutory provisions, the court. in *Fox v. Abbott et al.*, 12 Neb. 328, 11 N. W. 303, said:

"Title 13 of the Code provides a summary remedy for reviving actions by a conditional order of the court, if made in term time, or by a judge if in vacation. * * * The court undoubtedly has power under section 45 of the Code to allow the action to be prosecuted by or against the representatives of a deceased party, in which case supplemental pleadings may be filed and summons served as in the commencement of an action. And this is the practice in Ohio under a similar statute. *Crater v. Jennings*, 24 Ohio St. 182."

To the same effect, see *Stephens, Adm'r, v. Magor and another*, 25 Wis. 533; also *Tarbox v. French*, 27 Wis. 651.

We are therefore of opinion that article 19 of chapter 66 is not a method of revivor exclusive of all others; that, as in equity a suit becomes in one way defective by the death of a party, so this cause became defective on the death of Wickard and later upon the death of his wife, but did not abate by reason of section 4238, *supra;* that, not abating after the remedy afforded by said article was not available by reason of lapse of time, it could only be revived by pursuing the procedure afforded by section 4348, *supra,* prescribing a remedy concurrent with that prescribed by said article and analogous to that afforded under the old chancery system, which was that on the death of a party, the action not abating, the same could be revived only by a bill of revivor, a bill of revivor and supplement, and by an original bill in the nature of a bill of revivor. Mitc. Eq. Pl., star pages 57 and 61.

To make a supplemental petition the proper procedure to secure the relief theretofore obtainable under those old forms, section 4348, *supra,* was enacted. Concerning said section the court, in *Kimble v. Seal*, 92 Ind. 276, said:

"This section of the statute is in the spirit of the code practice abolishing the distinctions in pleading and practice between actions at law and suits in equity, and combines the provisions of the old chancery supplemental bill, with the ancient plea of *puis darrein continuance.* Facts existing at the time of filing a pleading may be made a part thereof by way of amend-

ment. If they have occurred since the filing of the pleading, they can only be made a part thereof by a supplemental pleading. Bicknell, Pr., pp. 108 and 109. See authorities therein cited."

We are also of opinion, the object of the original petition· being to foreclose a mortgage on realty, executed by Wickard to secure an alleged indebtedness due to the plaintiff Boyes, that upon his death and the death of his wife, plaintiff had the right and should be permitted to pursue his remedy against. their legal representatives, and to that end should have been permitted, no question of laches raised, as here, to bring them in by .supplemental petition. The court erred in refusing him permission so to do. We have not been favored with a brief for defendant in error.

For the reason stated the judgment is reversed and remanded, with directions to proceed in accordance with this opinion.

DUNN, HAYES, and WILLIAMS, JJ., concur; KANE, J., concurs in the result.