GLENN *et al.* v. PAYNE *et al.*

No. 4675.   Opinion Filed June 15, 1915.

(149 Pac. 1151.)

1. **ABATEMENT AND REVIVAL—Revivor—Discretion—Exclusiveness of Remedy.** Where, in an action pending in the district court of this state to foreclose a mechanic's lien, after appearance by counsel in his behalf, the defendant, title owner of the real estate, dies, leaving a widow and two minor children, and after the lapse of more than one year from the time of the death of the defendant, and also more than one year after the appointment of an administrator for his estate, the plaintiff asks leave, and is permitted by the court, to file an amended and supplemental petition making the administrator of the deceased defendant's estate and also his widow and minor children parties defendant, and setting up in said amended and supplemental

petition the appearance of defendant by counsel in said case before his death, and the suggestion of death by said counsel, and that plaintiff had no knowledge or information of the decease of defendant until suggested by his counsel in open court, which was more than one year after the appointment of his administrator, also setting up a full record of the proceedings of said cause, in which no laches appears to be found by the court, and thereafter procures summons to be duly and legally served upon all said parties defendant, and a guardian ad litem appointed for said minors, **held,** that said cause may, in the sound discretion of the trial court, be revived and carried forward to final judgment, under sections 4238, 4348, Wilson's Rev. & Ann. St. 1903, which are sections 5572, 5684, Comp. Laws 1909, and were in force at that time; and held, further, that article 19, c. 66, Wilson's Rev. & Ann. St. 1903, limiting the time within which revivor of actions could be made to "one year from the time it could have been first made," is not exclusive.

2.    **APPEAL AND ERROR—Review—Findings of Fact.** Where contention arises in an action pending in the trial court as to whether an attorney of record in the case was authorized to so appear by the party for whom he entered appearance, and testimony is heard by the court on that issue, and decision rendered thereon, this court will not disturb the findings and rulings of the trial court therein.

(Syllabus by Robberts, C.)

*Error from District Court, Comanche County;*

*J. T. Johnson, Judge.*

Action by Charles W. Payne and others against Mary Kline Glenn and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

*Hatch & Middlebrook* and *Charles C. Black,* for plaintiffs in error.

*Fain & Young,* for defendants in error.

Opinion by ROBBERTS, C. This is an action to foreclose a mechanic's lien, and comes here on appeal from the district court of Comanche county. It appears from the record that in 1907 J. S. Glenn, for the purpose of

aiding his brother, D. D. Glenn, one of the defendants herein, furnished him money for the purpose of buying a lot in the city of Lawton and building a house thereon, with the understanding and agreement that the title to the premises should be and remain in J. S. Glenn, but to be used and occupied by D. D. Glenn so long as he might live. The brother, D. D. Glenn, accepted the money ($1,900), bought the lot in name of J. S. Glenn, and entered into a contract with defendant J. T. Powell to erect a house thereon. Powell bought the material of defendant in error Charles W. Payne, and evidently failed to pay the entire bill, leaving a balance of $461.32, to recover which this action is brought. It must not be overlooked that the title is now and always has been in the name of J. S. Glenn, who died January 22, 1909, leaving as his heirs his widow, Mary Kline Glenn, and two minor children, James Scott Glenn and Mary Elizabeth Glenn. The court records show, and it is admitted, that the following proceedings were had in the trial court:

"October 5, 1907. Plaintiff Charles W. Payne, materialman, filed mechanic's lien for balance due on account for material, $461.32.

"October 7, 1907. Notice of lien 'to J. S. Glenn, owner of lot 18, in block 4, Beal addition to the city of Lawton, the occupant or occupants of said premises, and whom it may concern.' [Served 'upon D. D. Glenn, the occupant of said premises, by delivering to him a true copy of the notice.']

"October 5, 1908. Petition filed for foreclosure of mechanic's lien for material furnished under an alleged contract with J. S. Glenn, owner, through J. T. Powell, contractor, and summons issued against J. S. Glenn and J. T. Powell. [Summons returned 'not found' as to J. S. Glenn. No alias summons was issued, and no summons nor publication notice was ever served on J. S. Glenn.]

"January 22, 1909.  J. S. Glenn died.

"March 5, 1909.  U. C. Moore filed motion to make definite and certain, signed 'U. C. Moore, Attorney for Defendants.'  [But J. S. Glenn was dead, and it is denied that Moore was ever authorized to appear at any time for J. S. Glenn.]

"March, 1909.  Mary Kline Glenn was appointed administratrix with will annexed of J. S. Glenn estate.

"January 17, 1910.  Motion to make definite and certain argued.  [U. C. Moore appearing ostensibly for the defendants.]

"November 17, 1910.  Motion to make definite and certain overruled; defendants given five days to plead.

"December 21, 1910.  Defendant Powell, by U. C. Moore, attorney, suggests death of J. S. Glenn.  [Lacking eighteen days of being two years after death of J. S. Glenn and nearly two years after administratrix had been appointed.]

"January 7, 1911.  Notice by plaintiff of application for revivor filed.  [To be heard February 10, 1911, one year, eleven months, and eighteen days after death.]

"January 10, 1911.  Notice of application served on D. D. and Mrs. D. D. Glenn.

"January 10, 1911.  Motion for revivor filed by plaintiff.

"January 10, 1911.  Order of revivor signed by Judge and filed.  [Lacking twelve days of being two years after death.]

"January 13, 1911.  Notice of revivor served on Glenn widow and children filed.  [Two years and one day after death.]

"January 23, 1911.  Mary Kline Glenn, widow and administratrix of the estate of J. S. Glenn, deceased, made a special appearance and moved the court to set aside the order of revivor made and filed January 10, 1911, for the

reasons:    (1) That J. S. Glenn died January 22, 1909, and Mary Kline Glenn was appointed administratrix March, 1909.    (2) No summons or service by publication was ever had upon J. S. Glenn, and he never appeared nor authorized any person to appear for him in the action. (3) That no summons has ever been served upon said Mary Kline Glenn, and she has not appeared to the action, nor authorized any one to appear for her.    (4) That she has not consented, and does not now consent, to the revivor.    (5) That no summons has ever been served upon any of the parties mentioned in the order of revivor as heirs, devisees, or representatives of said J. S. Glenn, deceased, and neither of them has appeared to the action, nor authorized any other person to appear for them.    (6) That neither of the persons mentioned in the order of revivor consents, or has consented, to the revivor.    (7) That more than one year elapsed between the time the order of revivor might have been first made and the time the application was made.    (8) That no application for said order was made until after the expiration of one year from the time the order might have been first made.    (9) That no good and sufficient notice of the application for such order was served upon the persons mentioned in the said order as heirs, representatives, or successors, in the manner and form as required by law.

"March 10, 1911.    The court heard and considered the motion of Mary Kline Glenn, administratrix, appearing specially, to set aside the order of revivor heretofore entered January 10, 1911, and made findings and order as follows:    (1) That the motion for revivor was filed January 10, 1911.    (2) That notice of that motion was served on the widow, Mary Kline Glenn, and children of J. S. Glenn, deceased, on January 21, 1911.    (3) That defendant J. S. Glenn, deceased, died January 22, 1909.    (4) That Mary Kline Glenn was appointed and qualified as the administratrix in March, 1909.    (5) That no summons in said action was served either in person or by publication upon J. S. Glenn during his lifetime, and that he made no appearance or appearances as are shown by the records

of this court in this cause to have been made by U. C. Moore. (6) That no summons has been served upon Mary Kline Glenn, or either of the other persons named in the plaintiff's motion for revivor. (7) That neither of them have appeared to the action, except specially for motion to set aside the order of revivor. (8) That Mary Kline Glenn has not at any time consented, and does not now consent, to the revival of this action. (9) That neither of the other persons mentioned in the motion for revivor have ever consented to the revivor. (10) That no guardian has ever been appointed for the minors, and no person has been authorized to appear or to consent to revivor for them. (11) That death of J. S. Glenn was suggested by U. C. Moore, attorney for defendant Powell, December 21, 1910. (12) That plaintiff Payne and his counsel *deny knowledge* of Glenn's death previous to said suggestion. (13) That Mary Kline Glenn, administratrix, denies that Attorney U. C| Moore ever had any authority to represent or appear in this action for said J. S. Glenn, deceased, and denies that she has ever authorized said Moore to make any appearance. At this time Mary Kline Glenn offered evidence to prove that said U. C. Moore was never authorized to appear for said J. S. Glenn, or his heirs or representatives, which offer was refused by the court, to which ruling and refusal said Mary Kline Glenn, administratrix, excepted. (14) That said order reviving this action was made without the consent of said representatives or any of the heirs of J. S. Glenn, deceased, but was made within one year from the time it could have been first made."

This finding, that the order was made within one year from the time it could have been first made, was afterwards in the final judgment reversed by the court in the following language:

"Finds the facts as heretofore found and entered in the journal entry of March 10, 1911, with the exception of the finding in the said journal entry to the effect that the order reviving this action was made within one year

from the time it could have been first made, which special finding is hereby expressly reversed, withdrawn, and expunged from the record."

Upon the foregoing record and findings of fact the court concluded that the action had been legally and properly revived, and thereupon overruled the motion to set aside the order of revivor, and further ordered that the action stand revived in the name of D. D. Glenn, Mrs. D. D. Glenn, J. S. Glenn, and Mary Glenn, Jr., children of J. S. Glenn, deceased, and Mary Kline Glenn, administratrix of J. S. Glenn, deceased, to all of which said order exceptions were duly taken and allowed.

After overruling the motion to set aside the order of revivor, the defendants Glenn moved to dismiss the action, for the reason that no service of summons, nor service by publication, was had upon the defendant J. S. Glenn within 60 days from the date of filing the petition, and no appearance was entered in said cause by said J. S. Glenn, nor by any other person by his authority. Said motion was overruled, and exceptions saved.

Thereafter, on November 27, 1911, the plaintiff Payne, upon leave of the court, filed an amended and supplemental petition, setting up his claim for balance due for material, and also the matters of record herein above set out, tending to show appearance of J. S. Glenn by Attorney U. C. Moore, and also reciting the records and rulings of the court on the motion of revivor and appointment of guardian *ad litem* for minor heirs, and that deceased was a nonresident of the county, and plaintiff had no knowledge of his death until it was suggested in open court by his attorney, U. C. Moore, on December 21, 1910. To this amended petition defendants Glenn filed motion

to strike, because of laches in filing same. The motion was overruled by the court, and exceptions allowed.

Plaintiff by leave of court filed amendment to amended and supplemental petition, by alleging that on October 5, 1908, J. S. Glenn could not be found in Comanche county, and on October 7th an affidavit to that effect was filed, and notice of mechanic's lien served on occupant.

Defendants Glenn filed demurrer to said petition, which was overruled, and exceptions saved. Thereupon the defendants Glenn, having been made parties defendant by the amended and supplemental petition, filed their answer, alleging:

"That court has no jurisdiction of either persons of defendants or subject of the action; that no legal notice in writing of the filing of mechanic's lien was ever served upon J. S. Glenn, owner, or upon the owner of the land, or upon the owner of the improvements; that no summons, personally or by publication, was ever served upon J. S. Glenn, and that J. S. Glenn never appeared, nor authorized any other person to appear for him, and particularly not U. C. Moore; that no contract between defendant Powell and J. S. Glenn, deceased, was ever made as alleged in the petition; that no defendant, heir, representative, or successor has ever consented or does now consent to the revivor. No legal notice was ever served on any heir, representative, successor, or defendant of the application for revivor, and no order of revivor was made within one year from the time it could have been first made.

"That the action was filed October 5, 1908.

"That J. S. Glenn died January 22, 1909.

"That Mary Kline Glenn was appointed administratrix in March, 1909.

"That death of Glenn was suggested December 21, 1910.

"That amended and supplemental petition was filed November 27, 1911.

"More than three years from commencement of action.

"More than two years after the death of J. S. Glenn and appointment of his administratrix, and almost a year after his death was suggested in the case.

"That defendants deny all allegations of plaintiff, except that Mary Kline Glenn is widow and administratrix, and that James Scott Glenn and Mary Elizabeth Glenn are minor children, of J. S. Glenn, deceased.

. "That defendants reassert all allegations contained in motions previously filed by them and demand judgment for all proper relief."

To these answers plaintiff filed general denials. Trial was had to the court, and judgment and decree of foreclosure rendered for the amount claimed.

For reversal of this judgment the plaintiffs in error rely upon two assignments:

I. The court had no jurisdiction to make the order of revivor.

II. The court erred in overruling the motion for new trial.

(1) In support of the first assignment counsel for plaintiffs in error insist that there was no mechanic's lien against the property, and therefore no foundation for the cause of action against Glenn.

(2) No legal notice in writing of the filing of a mechanic's lien was ever served on J. S. Glenn, owner, or upon the owner of the improvements, and no statement was served upon the occupant.

As to these two contentions, in support of the first assignment of error, we have carefully examined the records, and, while there are grounds for technical objections to the manner in which these services were made, including the sufficiency of the notice of the filing of mechanic's lien, they include mixed questions of law and fact, which were presented to the trial court, passed upon by it, and we are not inclined to interfere with its findings and conclusions in those matters.

The question as to the appearance of U. C. Moore as attorney for the defendant upon the merits of the case depended entirely upon questions of fact, upon which evidence was introduced before the trial court, and, the court having found in favor of the appearance, this court will not disturb that finding.

This brings us to the most difficult proposition in this case; that is, that the action was not revived in the manner nor within the time fixed by the statute. We gather from the brief of plaintiffs in error that counsel contends that article 18, c. 87, Comp. L. Okla. 1909, which was in force during all of the times involved herein, included the only remedy by which actions could be revived, and that section 5957 of that article fixes a positive limitation of the time within which a revivor of action of this kind can be made. This section is as follows:

"An order to revive an action against the representatives or successors of a defendant shall not be made without the consent of such representatives or successors, unless in one year from the time it could have been first made."

We have examined the former decisions of this court carefully, and are compelled to say that the earlier de-

cisions appear to us to have all been one way upon that proposition, and fully sustain the contentions of the plaintiffs in error. Along that line we are tempted to quote the language of Justice Garber in a decision of the Supreme Court of the territory in *Glazier v. Heneybuss,* 19 Okla. 316, 322, 9 Pac. 872, 874, as follows:

"There is either a limitation, or there is none. * * * If there is, in the language of the statute, 'the order of revival may be made forthwith, but shall not be made without the consent of the defendant after the expiration of one year from the time the order might have been first made.' Without a revivor an action abates upon the death of the party, and without a statute there can be no revival. The language 'shall not be made' is peremptorily prohibitive. It imposes an absolute prohibition upon the granting of the order after the lapse of one year after the time when it 'might have been made.' At the expiration of that time the right ceases to exist. * * * The limitation of revivor is arbitrary, exacting, requiring diligence, good faith, prompt action, and he who seeks its benefits must be able to show that he has complied with all its terms."

It is admitted that the rules above laid down are sometimes harsh; but, as stated by the court, that is a matter with which the law-making branch of the government must deal, and it cannot be left to this department to enact judicial legislation. There are also a number of other states which have always held, and are still holding, to the strict construction of the statute of limitation in that particular, and it is the general rule, where the statute prescribes a time within which applications to continue or revive an action shall be made, a failure to apply for revival within the time prescribed, is fatal. It was so held in the following cases in the state of Kansas, from whence our statute was taken: *Steinbach v. Murphy,*

70 Kan. 487, 78 Pac. 823; *Reaves v. Long,* 63 Kan. 700, 66 Pac. 1030; *Berkley v. Tootle,* 62 Kan. 701, 64 Pac. 620; *N. H. Banking Co. v. Ball,* 57 Kan. 812, 48 Pac. 137; *Tefft v. Citizens' Bank,* 36 Kan. 457, 13 Pac. 783, and a number of other cases. Taking into consideration the number of authorities which support the contentions of plaintiffs in error, we are not surprised that they earnestly contend for that proposition. Notwithstanding that fact, the stringent rule laid down and still maintained in many of the states, as hereinbefore related, has been modified by this court, to the extent that the strict rule and remedy above stated is not exclusive, and a more generous and just rule is now established in this state, leaving it, to a large extent, in the discretion of the trial court as to whether the action should be revived. Of course, this discretion must be exercised in a sound and reasonable way, and be governed and controlled by the facts in each particular case.

The new rule to which we refer, established in this state, is laid down in *Boyes et al. v. Masters et al.,* 28 Okla. 409, 114 Pac. 710, 33 L. R. A. (N. S.) 576. That was a case in which plaintiff sought to foreclose a mortgage. Pending the action, the defendant mortgagor died, leaving surviving him a widow and five children, three of whom were minors, all of whom appeared by attorney, and after guardian *ad litem* had been appointed for said minors, said widow and adult heirs for themselves, and said minors by their guardian, answered, and after judgment in their favor, proceedings in error therein were commenced by plaintiff in the Supreme Court of the territory, pending which said widow died, after the submission and before a decision of said cause in said court;

and after mandate to the trial court, plaintiff, by supplemental petition filed, sought to bring in the executors of both parties, but was met with a motion to dismiss the cause on the ground of failure to revive against the minor heirs, and that more than one year had expired since the death of the widow. The contention that the action could not be maintained, for the reason that the case had not been properly revived within one year from the time when it could have been first made, was sustained by the court, and upon that ruling the case was brought to this court, where the ruling was reversed. In passing upon the question involved, Chief Justice Turner, speaking for the court, held that the remedy hereinabove referred to, provided in article 18, chapter 87, Snyder's Statutes, which includes section 5957, limiting the time within which revivor might be had to "one year from the time it could have been first made," was not exclusive, but that said cause could be revived or carried on under sections 4238 and 4348 of Wilson's Rev. Stat. 1903, which are sections 5572 and 5684, respectively, in Comp. Laws 1909.

Said sections are set out in full in that decision, much of which we repeat herein, for the reason that it is especially instructive, and clearly lays down the rule to be hereafter followed in this state in that regard. The language of that case peculiarly applicable is as follows:

"After service by publication, * * * defendants' attorney appeared and contended to the court in substance * * * that * * * at the time of the revivor against the heirs of * * * deceased three of said heirs were minors; that no service of a motion to revive said action had ever been served on them, by reason of which said pretended order of revivor against them was void; that after the death of * * * deceased said

proceeding in the Supreme Court of the territory of Oklahoma was not thereafter revived in said court; that all subsequent proceedings in said court were void; that at the time of the revivor of the cause in the district court against the heirs of deceased more than one year had elapsed from the time of her death, and for that, and the further reason that said order of revivor was entered without the consent of the defendants in said action, the same was void—and moved to dismiss the cause at plaintiffs' costs."

After disposing of other matters in the case, the court proceeded to pass upon the motion to dismiss in the following language:

"Assuming, out of an abundance of caution, as plaintiffs' counsel has done, that upon the suggestion of the death the suit was not properly revived in the district court against his minor heirs by consent and the order of court thereupon entered, and further assuming with counsel for both sides that said heirs and the executors of the last will of" the deceased and his widow, "are necessary parties to the action of foreclosure set forth in the original petition, the only question passed on by the trial court, and which is for us to determine, is whether the summary method of revivor of actions prescribed by article 19 of chapter 66 of Wilson's Revised and Annotated Statutes of Oklahoma is exclusive, and, if not, whether under sections 4238 and 4348 of said statutes the court should have permitted by this proceeding a revivor of this action against said heirs and the executors of said Wickard and Dora M., his wife.

"Section 4238 of Wilson's Revised and Annotated Statutes of Oklahoma provides: 'An action does not abate by the death or other disability of a party, or by the transfer of any interest therein during its pendency, if the cause of action survive or continue. In case of the death or other disability of a party, the court may allow the action to continue by or against his representatives or

successors in interest. In case of any other transfer of interest, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action.'

"Article 19, c. 66, provides, in substance, for the revivor of the action, when it survives, by a conditional order of court to be made in term or by a judge if in vacation. It provides a method of service of the order and, if sufficient cause is not shown against the revivor, the action stands revived. It further provides, in substance, that the order cannot be made except by consent [unless] within one year from the time it could have been first made. The right to revive under this article does not depend on the discretion of the court or judge making the order, but under the conditions and within the time therein limited is a matter of right. *Kilgore v. Yarnell et al.*, 24 Okla. 525, 103 Pac. 698.

"Section 4348 reads: 'Either party may be allowed, on notice, and such terms as to cost as the court may prescribe, to file a supplemental petition, answer, or reply, alleging facts material to the case, occurring after the former petition, answer, or reply.'

"Construing similar statutes, the following cases hold that the method provided in article 19 of chapter 66, *supra*, is not exclusive of the right of the court to permit it to be prosecuted against the representatives of a defendant as provided in section 4238, *supra*, and to revive it by supplemental petition, as provided for in the last section of the statute cited: *Carter v. Jennings*, 21 Ohio St. 182; *Black v. Hill*, 29 Ohio St. 87; *Fox v. Abbott*, 12 Neb. 333, 11 N. W. 303; *Rakes v. Brown*, 34 Neb. 304, 51 N. W. 848; *Hunter v. Leahy*, 18 Neb. 81, 24 N. W. 680; *Missouri Pacific R. Co. v. Fox*, 56 Neb. 746, 77 N. W. 120.

"The leading case on the subject seems to be *Carter v Jennings*, 24 Ohio St. 182. That was a suit for the cancellation of a note and mortgage. Subsequent to the filing of the report of the referee the defendant died and letters of administration were granted on his estate. After more than one year had expired from the date of his

death, plaintiff applied for an order to revive the action against his administrators. The order was granted, as also was leave to plaintiff to file a supplemental petition to revive the action against said administrators. Among the defenses pleaded was that there was no motion for a conditional order of revivor within one year from the time the suit could have been first revived, and that there was no revivor of the same, either actual or conditional, within one year after the appointment of said administrators, and that said administrators did not consent to revive the action. On the hearing the district court found the facts as stated, and that neither plaintiff nor his attorneys had knowledge of the appointment of the administrator until about the time application was first made to revive.

"The case went to the Supreme Court on a question reserved. There the court, speaking to title 13, c. 1, of the Code (2 Swan & C. Rev. St.), substantially the same as our article 19, c. 66, *supra*, said: 'That chapter of the Code provides for reviving the action, where the right of action survives, by a conditional order of the court, if made in term, or by a judge, if in vacation. The order is to be served in the mode prescribed, and, if sufficient cause be not shown against the revivor, the action stands revived. The order cannot be made, except by consent, unless within one year from the time it could have been first made. When, under the provisions contained in the chapter, an action stands revived, the trial is not to be postponed by reason of the revivor, if the action would have stood for trial in case no revivor had become necessary.'

"Speaking to a section of the Code almost identical with our section 4238, *supra*, the court said: 'Title 3 of the Code treats of the general rules in regard to parties, and of the authority of the court to allow a change of parties, and to require others to be brought in, when necessary to a determination of the controversy. Under this title, section 39 provides, among other things, that an action does not abate by the death of a party during its pendency, if the cause of action survive or continue;

"that in case of the death * * * of a party the court may allow the action to continue by or against his representative or successor in interest." While we have not found the question free from difficulty, we have arrived at the conclusion that a fair consideration of the Code warrants us in laying down the following propositions as applicable to the case: (1) The right to revive an action, under title 13, c. 1, of the Code, is not dependent on the discretion of the court or of the judge making the order, but, under the conditions and within the time therein limited, is a matter of right. (2) The chapter of the Code above referred to provides a summary remedy for reviving an action, but the remedy thus provided is not exclusive. The court has power, under section 39 of the Code, in the exercise of a sound discretion, to allow the action to be prosecuted by or against the representatives or successors in interest of a deceased party. For this purpose supplemental pleadings may be allowed and process served as in the commencement of an action. (3) The court, in the exercise of this discretion, is governed by the equitable principle which requires reasonable diligence and good faith on the part of those invoking its action; and where the time had elapsed within which an action can be revived by a conditional order, as provided for in title 13, c. 1, of the Code, the application for leave to continue the suit by supplemental pleading may be granted or refused, according to the nature and circumstances of the case. * * * On the supplemental petition, the action is ordered to be revived against the administrators of Jennings. As to all other matters the cause is remanded to the district court for further proceeding.'

"Although the court did not speak of it, section 142, c. 7, tit. 7, identical with our section 4248, *supra*, was in force in that jurisdiction at that time. To the same effect is the holding of the Supreme Court of Nebraska construing similar statutes. Maxwell's Pleading and Practice (5th Ed.) 713, says: 'The summary mode of reviving

actions provided by the Code is not exclusive. The court has power under section 45 of the Code to allow the action to be prosecuted by or against the representatives or successors in interest of a deceased party. For this purpose supplemental pleadings may be allowed and process served as in the commencement of an action'—citing *Carter v. Jennings,* 24 Ohio St. 182; *Fox v. Abbott,* 12 Neb. 328, 11 N. W. 303.

"Section 45 of the Code referred to is substantially the same as our Code. Section 4238, *supra,* and article 19, c. 66, *supra,* are substantially the same, if not identical, with title 13 of their Code of Civil Procedure (Comp. St. Neb. 1889). Construing said statutory provisions, the court, in *Fox v. Abbott et al.,* 12 Neb. 328, 11 N. W. 303, said: 'Title 13 of the Code provides a summary remedy for reviving actions by a conditional order of the court, if made in term time, or by a judge if in vacation. * * * The court undoubtedly has power under section 45 of the Code to allow the action to be prosecuted by or against the representatives of a deceased party, in which case supplemental pleadings may be filed and summons served as in the commencement of an action. And this is the practice in Ohio under a similar statute. *Carter v. Jennings,* 24 Ohio St. 182.' To the same effect, see *Stephens, Adm'r. v. Maor and Another,* 25 Wis. 533; also *Tarbox v. French,* 27 Wis. 561.

"We are therefore of opinion that article 19 of chapter 66 is not a method of revivor exclusive of all others; that, as in equity a suit becomes in one way defective by the death of a party, so this cause became defective on the death of Wickard and later upon the death of his wife, but did not abate by reason of section 4238, *supra;* that, not abating after the remedy afforded by said article was not available by reason of lapse of time, it could only be revived by pursuing the procedure afforded by section 4348, *supra,* prescribing a remedy concurrent with that prescribed by said article and analogous to that afforded under the old chancery system, which was that on the death of a party, the action not abating, the same could

be revived only by a bill of revivor, a bill of revivor and supplement, and by an original bill in the nature of a bill of revivor. Mitc. Eq. Pl. stat. pages 57 and 61.

"To make a supplemental petition the proper procedure to secure the relief theretofore obtainable under those old forms, section 4348, *supra*, was enacted. Concerning said section the court, in *Kimble v. Seal*, 92 Ind. 276, said: 'This section of the statute is in the spirit of the code practice abolishing the distinctions in pleading and practice between actions at law and suits in equity, and combines the provisions of the old chancery supplemental bill with the ancient plea of *puis darrein* continuance. Facts existing at the time of filing a pleading may be made a part thereof by way of amendment. If they have occurred since the filing of the pleading, they can only be made a part thereof by a supplemental pleading. Bicknell, Pr. pp. 108, 109. See authorities therein cited.'

"We are also of opinion, the object of the original petition being to foreclose a mortgage on realty, executed by Wickard to secure an alleged indebtedness due to the plaintiff Boyes, that upon his death and the death of his wife plaintiff had the right and should be permitted to pursue his remedy against their legal representatives, and to that end should have been permitted, no question of laches raised, as here, to bring them in by supplemental petition. The court erred in refusing him permission to do so. We have not been favored with a brief for defendant in error.

"For the reason stated, the judgment is reversed and remanded, with directions to proceed in accordance with this opinion."

From the foregoing it is apparent that there are two ways in which actions may be revived in this state. Counsel for plaintiffs in error contend that the summary manner of revivor is exclusive, at least, so far as it relates to such cases as the one at bar; but it appears from the course taken by defendants in error by filing the amended

and supplemental petition, setting out the record facts, and pleading generally such matters as would bring them within the rule laid down in *Boyes v. Masters, supra,* that they have brought themselves clearly within that remedy,

Counsel for plaintiffs in error further insist that the case of *Boyes v. Masters, supra,* is inapplicable in the instant case, because the court in that case holds that heirs and representatives can be brought in by supplemental petition, *only when there is no question of laches raised.* We do not so understand that case. To our minds, the principal matter contended for, and which was fully laid down in the opinion of the court, is that there are *two remedies by which such cases may be revived.* We recognize the fact that reasonable diligence and good faith are required of the party invoking the remedy resting in the sound discretion of the court, but that depends upon the testimony, and must necessarily be settled by the trial court. It seems to have been so settled in the case at bar, and this court is not inclined to interfere with the findings of the lower court in that particular.

It may not be out of place here to call attention to the fact that the committee on revision of Oklahoma statutes recognized the conflict of authorities on the subject in hand; and possibly in pursuance of the above case, the opinion in which was filed in this court on the 21st day of March, 1911, amended section 5293, Rev. Laws 1910, by adding thereto the following: "Except as otherwise provided by law"—and in the next section another provision seems to have been included in our statutes which is as follows:

"Provided that where the death of a party is not known or for other unavoidable reasons, the court may permit the revivor within a reasonable time thereafter."

In a note to this latter provision the committee say:

"Proviso added to cover cases which have been construed under this section by the courts of states having a similar statute."

We make these suggestions as simply indicating the conditions of the statutes in force at this time, and for the further purpose of showing what the practice must necessarily be in the future.

This brings us to the second specification of error:

"That the court erred in overruling the motion for new trial."

We have examined the record carefully, and have not been able to find that prejudicial error was committed by the court during the trial. Counsel for plaintiffs in error have filed a very able brief. Their points have been clearly and distinctly defined, and have been well argued; but we cannot agree with them upon their contentions and application of the law.

Upon a full investigation of the entire record we are clearly of opinion that no prejudicial error has been committed, and that full and complete justice has been done, and therefore the case should be affirmed.

By the Court: It is so ordered.