## VAUGHN, Ex'x, v. OSBORNE.

No. 14684—Opinion Filed Sept. 30, 1924.

### 1. Limitation of Actions—Statute—Part Payment, Promise or Acknowledgment.

Section 191, Comp. Stat. 1921, among other things, provides: "In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowlegdment of an existing liability, debt or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period pre-

scribed for the same, after such payment, acknowledgment, or promise."

### 2. Judgment—Action on Judgment as Action of Debt.

By reason of the theory that a judgment constitutes a debt, the rule is well established that an action ex contractu, such as an action of debt, lies on a judgment, and this is true irrespective of the nature of the original cause of action on which the judgment was recovered.

### 3. Abatement and Revival—Statute.

Section 223, Comp. Stat. 1921, provides: "An action does not abate by the death or other disability of a party, or by the transfer of any interest therein, during its pendency, if the cause of action survive or continue. In case of the death or other disability of the party, the court may allow the action to continue by or against his representatives or successors in interest, upon such terms and in such times as may be just under the circumstances presented."

### 4. Same—Time for Revivor.

The section of the statute limiting the time within which revivor of action upon the death of one of the parties could be made, to one year from the time it could have been first made, is not exclusive.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Okmulgee County: James Hepburn, Judge.

Action by Elizabeth L. Vaughn, as the executrix of the last will of Charles S. Vaughn, against J. H. Osborne for recovery of balance due on judgment. Judgment for defendant. Plaintiff brings error. Reversed, with instructions.

G. G. Martin and A. L. Emery, for plaintiff in error.

Wellington L. Merwine, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Okmulgee county by Elizabeth L. Vaughn, as the executrix of the last will of Charles S. Vaughn, deceased, plaintiff in error, plaintiff below, against J. H. Osborne et al., defendants in error, defendants below, for the recovery of the sum of $860, with interest thereon at six per cent. per annum from April 2, 1912, less the sum of $250 paid on November 1, 1919, by J. H. Osborne, and for $146 as costs, based upon a judgment obtained by Charles S. Vaughn, her deceased husband, on the 2nd day of April, 1912, in the district court of McIntosh county.

The parties will be referred to in this opin-

ion as plaintiff and defendant as they appeared in the lower court.

The petition alleged the appointment of Elizabeth L. Vaughn as executrix under the will and set up the judgment obtained by Charles S. Vaughn in the district court of McIntosh county on the 2nd day of April, 1912, that a motion was filed by the defendant to vacate said judgment and a temporary restraining order issued against the enforcement of said judgment and issuance of an execution thereon, which motion was overruled on January 14, 1916, and the judgment then became final against the defendant, J. H. Osborne, that the other defendants appealed to the Supreme Court of this state and the appeal was dismissed for want of prosecution on April 27, 1915 (see Davis v. Vaughn, 46 Okla. 158, 148 Pac. 137), that the plaintiff in the original action, Charles S. Vaughn, died on the 4th of August, 1916, and that said judgment became and is now part of the assets of his estate, that this defendant, J. H. Osborne, on the 1st day of November, 1919, paid the plaintiff the sum of $250 on said judgment, for which a credit was given, and prayed judgment for the balance on said judgment and costs. Copies of the letters testamentary, journal entry of the judgment, order suspending proceedings on the judgment, and order disallowing the petition to set aside the judgment were duly attached to the petition as exhibits thereto.

Service of summons was had upon the defendant, J. H. Osborne, but no service was had upon the other defendants.

The defendant, J. H. Osborne, answered, admitting the judgment, but denying that said judgment was valid, admitting the payment by him as alleged in the petition, alleging an execution was issued on said judgment on the 30th day of December, 1912, but that the same was stayed under order of court, and that no further execution was issued in said cause, and as a further defense the defendant alleged that there had been no revival of the action in the name of the executrix after the death of Charles S. Vaughn either in the original action or in this court, and prayed that the petition be dismissed.

Plaintiff replied, admitting that said judgment had not been revived either for dormancy or abatement, but claiming that when the defendant made the payment in the sum of $250 on November 1, 1919, he admitted the validity of said judgment, and that he was now estopped from denying the validity of said judgment, and that defendant consented to the delay in revival of said judgment, and that he never filed any pleading to require the plaintiff to revive the judgment, nor did he serve any notice of said application, and that the defendant cannot now complain, that the answer did not set up sufficient facts to constitute a defense to the allegations and causes of action set forth in the petition.

The defendant filed a demurrer to the reply, in that the same did not state facts sufficient to constitute a defense to the answer, or to any of the several defenses therein set forth, and that the action was barred by limitation.

The trial court sustained the demurrer and the plaintiff declined to plead further, and the court dismissed the action at the cost of plaintiff, and from the judgment of the trial court, in sustaining said demurrer and dismissing the action of plaintiff, the cause comes regularly on appeal to this court by the plaintiff for review.

Attorneys for plaintiff assign as error the ruling and action of the trial court in sustaining the demurrer filed by the defendant, and the dismissal of plaintiff's action, and present their argument under three heads as follows:

"Is a suit maintainable, based on the theory of a new promise by a part payment on a judgment, which judgment has become dormant or dead, because not revived within a year after the death of the judgment creditor?

"The defendant consented to the delay in not reviving the original judgment and cannot now complain that this action has been filed on a judgment which has not been revived.

"The judgment obtained by Charles S. Vaughn, in his lifetime, in the district court of McIntosh county, is a debt, and the record is the evidence of the debt. The debt passed into the hands of the plaintiff as the executrix and became a part of the assets of the estate, like a promissory note, open account, or any other debt which was due the deceased at the time of his death and which had not been paid. The plaintiff was at liberty to either revive the judgment and cause execution to issue within the time allowed by law, or she could sue on the judgment as the evidence of the debt within the time allowed by law which was five years from the time the judgment became final."

It will be observed that the payment on the judgment was made by the defendant, J. H. Osborne, to Elizabeth L. Vaughn, as executrix of Charles S. Vaughn, deceased, on the 1st day of November, 1919, with full knowledge of all the facts connected with the judgment, and that the suit was com-

menced on the 26th day of April, 1920, within five months from the date of this payment, and within five years from January 14, 1916, the date that the judgment became final as against this defendant. These facts are admitted by the pleadings on part of both the plaintiff and defendant.

It is further admitted by the pleadings that there was no attempt to revive the action in the name of the executrix in the district court of McIntosh county, but this action was brought by the executrix in the district court of Okmulgee county, based upon the judgment obtained by her deceased husband, in McIntosh county, for the balance due on the judgment.

It is conceded by the attorney for defendant that, "the action was brought on a judgment and it may be conceded that an action may be brought on a judgment that has become dormant because five years have transpired since an execution was issued on it," but the defendant contends that these questions are not involved in this action because the judgment was not only dormant but had become dead, that it had ceased to exist, and that the court was without jurisdiction.

The attorneys for plaintiff rightly contend that this is not an action to revive a judgment, but that it is an action founded upon a judgment debt due from the defendant to the estate of Charles S. Vaughn, and that his executrix has brought this action on the judgment to recover the sum as an asset of the estate, and that it was brought within the period of limitation as provided by the statutes of Oklahoma within the period of five years from the date the judgment became final and within five months from the date of the payment made by the defendant to the said executrix in the sum of $250 upon said judgment. The judgment did not and could not become final until the petition to vacate and set aside said judgment had been passed upon, and the court acted upon said petition on the 14th day of January, 1916, and it then became final as to this defendant upon said debt and it, therefore, could not have been barred by the statute of limitation on the 26th day of April, 1920, the date that the plaintiff filed the present action. The cause of action upon the judgment did not accrue, therefore, until the 14th day of January, 1916. 15 R. C. L. 379, page 900, says:

"A judgment must be final before an action on it can be sustained. Until that time has arrived no cause of action upon the judgment has accrued. * * *"

There can be no doubt that this is an action on the judgment and not one to revive it. The prayer is for the recovery of a balance due on the judgment, with interest and costs, and a summons was issued and served as upon a money demand. The action was brought in a different county from the one in which the original judgment was obtained, and is a separate and an independent action. If, by any possibility, the action could be held as one to revive the judgment, then another class of questions would arise and it would seem that the trial court and the attorney for defendant have mistaken the cause of action for one to revive a judgment when, in truth and fact, it is nothing of the kind, and the rules of law and the decisions quoted by attorney for defendant cannot apply to the instant case, the same being a suit upon a judgment for a debt. The defendant acknowledges the judgment, acknowledges the right of the plaintiff to collect the same, and did so by his payment of his $250 to her as executrix, and under the statute law of this state, section 191, Comp. Stat. 1921, our Legislature said:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgement of an existing liability, debt or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

This payment then, in effect, admitted the judgment and the right of the executrix to collect the same, and constitutes an implied promise or a new obligation on part of the defendant to discharge the obligation to pay the balance of said judgment to the executrix, and the defendant by his own action, in our opinion, must be denied the right to raise the question contended for by him and his counsel in this case under the existing state of the record. 15 R. C. L. 381, page 902, says:

"By reason of the theory that a judgment constitutes a debt, the rule is well established that an action ex contractu, such as an action of debt, lies on a judgment, and this is true irrespective of the nature of the original cause of action on which the judgment was recovered."

To the same effect is 33 C. J. 1056.

The solemn judgment of a court of record constitutes an obligation of the highest nature known to the law, and it is enforceable against the judgment debtor as upon his promise to perform it, and is a chose in ac-

tion upon which the executrix could sue as on a note at any time within five years after the cause of action accrued after the acknowledgment of the debt and the payment to the executrix of the $250 upon said judgment.

This court has held, in the case of Boyes v. Masters, 28 Okla. 409, 114 Pac. 710, that the law applicable to revivor of action "is not exclusive," but that under sections 223 and 323, Comp. Stat. 1921, which is the same law that was in effect at the date of the above opinion, an action of this character did not abate and that the court might permit the action to proceed against the legal or personal representatives of a deceased party.

Section 223, Comp. Stat. 1921, is as follows:

"An action does not abate by the death or other disability of a party, or by the transfer of any interest therein, during its pendency, if the cause of action survive or continue. In case of the death or other disability of the party, the court may allow the action to continue by or against his representatives or successors in interest, upon such terms and in such time as may be just under the circumstances presented."

In the case of Glenn v. Payne, 48 Okla. 196, 149 Pac. 1151, it was again held by this court that the sections of the statute "limiting the time within which revivor of action could be made to one year from the time it could have been first made is not exclusive." Said opinion further holds that the action could be maintained for or against the deceased party against the personal or legal representative of the other party.

As heretofore stated in this opinion, the attorney for defendant, in his brief, concedes:

"That the action was brought on a judgment and it may be conceded that the action may be brought on a judgment that has become dormant because five years have transpired since an execution was issued on it."

This being conceded, there is the other, further, and stronger legal reason of the acknowledgment by payment of a portion of the debt by the defendant to the executrix in this case, which, in our opinion, constitutes a new promise and a new obligation, and presents the strongest legal, moral, and equitable right in the plaintiff to maintain this action.

Based upon the statute law and the authorities herein referred to, it is the opinion of the court that the trial court committed reversible error in sustaining the demurrer of defendant and in dismissing the action of plaintiff in this case and we are, therefore, of the opinion that the judgment of the trial court should be and is hereby reversed, with instructions to overrule the demurrer of the defendant and proceed with the trial of the cause on its merits.

By the Court: It is so ordered.