**Charles E. WILBANKS, Plaintiff in Error,**

**v.**

**Joan WILBANKS, Defendant in Error.**

**No. 42025.**

Supreme Court of Oklahoma.

April 23, 1968.

Font L. Allen, Harvey F. Allen, Tulsa, for plaintiff in error.

Houston, Klein & Davidson, Tulsa, for defendant in error.

WILLIAMS, Justice.

This is an appeal from a judgment of the court below in a proceeding instituted by plaintiff to terminate alimony payments to his former wife. On appeal, the parties appear in the same relative position as below and hereinafter will be referred to as there designated.

Plaintiff and defendant were divorced in 1958, and defendant wife was awarded, in the decree entered in the divorce action, alimony in the sum of $79,200.00 payable in monthly installments of $550.00, for a period of twelve years.

In October, 1965, plaintiff filed in the district court action in which the decree had been entered a motion to terminate the above mentioned alimony payments. In this motion, plaintiff alleged that defendant had re-married, and that from the income from her personal property as well as from the income of her present husband, she would be amply supported. Plaintiff further alleged that it was within the court's discretion to terminate the alimony payments still required of him and that, in the interest of equity, such payments should be terminated. In response

to this motion, defendant demurred, and filed motions to dismiss and for summary judgment. She further moved that she be granted a reasonable attorney's fee.

The trial court subsequently sustained defendant's (former wife's) demurrer, her motion to dismiss, and her motion for summary judgment. In addition, the court granted defendant an attorney's fee of $2500. From the judgment entered on the demurrer and the motions, and from an order overruling his motion for new trial, plaintiff appeals.

In Gilcrease v. Gilcrease, 186 Okl. 451, 98 P.2d 906, 127 A.L.R. 735, we held that as, in Oklahoma, permanent alimony is required to be awarded in specific property or in a definite sum of money and is a final judgment, a husband did not have the right to modify the alimony judgment on the ground that his former wife had subsequently remarried.

■ In 1965, the Oklahoma Legislature enacted 12 O.S.1965 Supp. § 1289, which provides as follows:

"In a divorce decree which provides for periodic payments of alimony, the court may, in its discretion, declare that the obligation to pay future installments automatically ceases on the death or re-marriage of the person receiving the alimony."

In 1967 this section was amended so as to apply to only those divorce decrees entered on or before December 31, 1967, and, as now amended, is subsection (a) of 12 O.S.1967 Supp., § 1289.

Plaintiff herein argues that the above quoted provisions of § 1289(a) apply not only to divorce decrees entered subsequent to the effective date of the statute, but also have retrospective application to decrees entered prior to such date. To support this argument, plaintiff cites numerous authorities from other jurisdictions.

We have carefully examined these authorities and have found them of no help in determining whether § 1289(a) is to be given retrospective effect. Suffice it to say here that in general these authorities are based on statutes which specifically terminate alimony payments in the event of re-marriage whether the divorce decree was entered before or after the enactment of the statute or else arise in jurisdictions where alimony is not required to be in a fixed amount but may be made payable in monthly amounts to run indefinitely in the future. Thus, in interpreting § 1289 (a), we must turn to the language of the provision and our own rules of construction.

■ In our opinion, there is no language in § 1289(a) indicating that its provisions are to have retrospective effect. In Swatek Const. Co. v. Williams, 177 Okl. 305, 58 P.2d 585, 587, quoting from Good v. Keel, 29 Okl. 325, 116 P. 777, we held:

"Statutes are to be construed as having a prospective operation unless the purpose and intention of the Legislature to give a retrospective effect is expressly declared or is necessarily implied from the language used. In every case of doubt the doubt must be resolved against the retrospective effect."

We can find nothing in the language of § 1289(a) which either expressly or impliedly indicates that the Legislature intended to give a retrospective effect to the statute. In view of the long-standing previous decisions of this Court holding that alimony could not be terminated in the event the party receiving such remarried, it is our opinion the Legislature would have expressly so stated if it had intended the provision of § 1289(a) to apply to divorce decrees entered prior to the effective date of the section.

The question as to whether the Legislature lawfully could have worded the subject act so as to make it retroactive is not an issue before us and it is not necessary for us to determine that question in this opinion. Nor is it necessary to discuss defendant wife's argument with reference to that point.

For these reasons, we hold that 12 O.S. 1967 Supp. § 1289(a) applies only to those divorce decrees entered after its effective date and which include as originally entered by the court, a provision terminating alimony payments in the event of remarriage or death of the person receiving the alimony.

Plaintiff also objects to the lower court's allowance to defendant of an attorney's fee of $2500 on the grounds that the court had no jurisdiction to enter such an award and that the size of the award was not supported by evidence.

In Hanska v. Hanska, Okl., 395 P.2d 648, we held that 12 O.S.1961 § 1276 did not authorize the awarding of attorneys' fees in a contempt proceeding held subsequent to the entry of a final decree of divorce. However, in 1965, such section was amended to provide "that the court may in its discretion make additional orders relative to the expenses of any such subsequent actions, brought by the parties or their attorneys, for the enforcement of any orders in the divorce decree, made for the benefit of either party or their respective attorneys." 12 O.S.1967 Supp. § 1276.

In the instant case, plaintiff instituted a proceeding to terminate the alimony payments. Defendant was required to defend this proceeding to enforce her rights to the alimony payments provided in the divorce decree. In our opinion, the court was authorized under such § 1276, to grant her an attorney's fee in such proceeding.

The granting or the allowance of an attorney's fee and the amount thereof is for determination by the trial court in the exercise of its discretion and such fee may be fixed without the aid of expert testimony. Clark v. Clark, 201 Okl. 134, 202 P.2d 990. However, this Court on appeal may raise or lower the fee set in view of the facts and circumstances present. Romans v. Romans, Okl., 366 P.2d 760. In the instant case, in the absence of any evidence calculated to support the amount of the fee set in the trial court, it is our opinion that an adequate attorney's fee would have been $1500 rather than the $2500 granted below. The trial court's judgment is therefore modified to the extent of reducing such fee as indicated.

The judgment of the trial court as thus modified, is hereby affirmed.

All the Justices concur.