PUBLIC EMPLOYEES RETIREMENT SYSTEM — DISABILITY PAYMENTS — REQUIREMENTS The provisions of O.S.L. 1970, Ch. 296, do not apply to a disabled member of the Oklahoma Public Employees Retirement System who terminated his employment with a participating employer because of disability prior to the passage of O.S.L. 1970, Ch. 296, even if such member has ten years of creditable service and has elected a vested benefit under the system. Disability payments made under the provisions of O.S.L. 1970, Ch. 296, are payable not only to an employee actively employed with a participating employer at the time of the disability but also to a former employee who terminates his employment after the passage of this Act, who has made the required contributions to the Oklahoma Public Employees Retirement System, and has not received a refund. Such employees in all instances must fulfill the requirements of Section 6 of O.S.L. 1970, Ch. 296, supra. The Attorney General has had under consideration your recent letter in which you state and inquire, in effect, as follows: Section 6 of O.S.L. 1970, Ch. 296, p. 532, passed April 28, 1970, provides for total disability benefits payable to members of the Public Employees Retirement System who have completed ten years of credited service and qualify for the payment of Social Security disability benefits. Would this provision apply to a disabled member, who has terminated his employment with a participating employer because of his disability before the passage of this act, but by virtue of having ten years of creditable service had elected a Vested Benefit under the System prior to April 28, 1970? Would disability benefits be payable only to a member, otherwise meeting the eligibility criteria, whose disability resulted from an illness or injury incurred while an active fulltime employee of a participating employer on or after the passage of this act? O.S.L. 1970, Ch. 296, p. 532, 6, provides in pertinent part as follows: "A member shall be considered disabled if such member qualifies for the payment of Social Security disability benefits, and shall be eligible for benefits hereunder upon proof of such disability and after completion of at least ten (10) years of participating service or combined prior and participating service." This act became effective on April 28, 1970, since it was signed by the Governor on this date and contained the emergency clause. Leatherock v. Lawter,45 Okl. 715, 147 P. 324 (1915). It does not contain any language indicating that any of its provisions are to be applied retroactively. In the case of Wilbanks v. Wilbanks, Okl., 441 P.2d 967 (1968), the court stated in the body of its opinion: "Statutes are to be construed as having a prospective operation unless the purpose and intention of the Legislature to give a retrospective effect is expressly declared or is necessarily implied from the language used. In every case of doubt the doubt must be resolved against the retrospective effect." Since O.S.L. 1970, Ch. 296 does not contain any language indicating the Legislature intended for it to have retrospective effect, it must be construed as having a prospective operation. It is therefore the opinion of the Attorney General that your first question should be answered in the negative. The provisions of O.S.L. 1970, Ch. 296 do not apply to a disabled member of the Oklahoma Public Employees Retirement System who terminated his employment with a participating employer because of disability prior to the passage of O.S.L. 1970, Ch. 296
even if such member has ten years of creditable service and has elected a vested benefit under the system. Your second question relates to whether or not a disability must be a result of an illness or injury occurring while an employee is actively employed with a participating employer in order for the employee to be entitled to the disability payments. The language of O.S.L. 1970, Ch.296, 6, supra, clearly indicates that a member shall be eligible for benefits upon proof of disability and after completion of at least ten years of participating service or combined prior and participating service. The term "member" is defined in Section 1 of O.S.L. 1970, Ch. 296, as follows: "Member — an eligible employee who is in the system and is making the required employee contributions, or any former employee who shall have made the required contributions to the system and shall have not received a refund." (Emphasis added) In the case of City of Bristow ex rel. Hedges v. Groom, 194 Okl. 384, 151 P.2d 936
(1944), the court stated in the body of its opinion: "The cardinal rule of statutory construction is to ascertain the intention of the Legislature, and this should ordinarily be done by a consideration of the language of the statute." From the language of O.S.L. 1970, Ch. 296, it is evident that a member can be either an individual who is currently making the required contributions to the system or one who is a former employee and has made the required contributions to the system and has not received a refund. It is therefore the opinion of the Attorney General that your second question also should be answered in the negative. Disability payments made under the provisions of O.S.L. 1970, Ch. 296 are payable not only to an employee actively employed with a participating employer at the time of the disability but also to a former employee who terminates his employment after the passage of this Act, who has made the required contributions to the Oklahoma Public Employees Retirement System, and has not received a refund. Such employees in all instances must fulfill the requirements of Section 6 of O.S.L. 1970, Ch. 296, supra. (Gary F. Glasgow)