**Willard B. SMITH, Appellee,**

v.

**Denise T. SMITH, Appellant.**

No. 55082.

Supreme Court of Oklahoma.

Oct. 5, 1982.

E. Terrill Corley, Tulsa, for appellee.

Michael Stutman, Tulsa, for appellant.

WILSON, Justice:

The question to which this appeal is directed: shall 12 O.S.Supp.1979, & 1289(D),[1] which permits modification of support alimony when the recipient cohabits with a person of the opposite sex, apply to a grant of support alimony imposed prior to the enactment of the statute?

The parties were granted a decree of divorce on February 15, 1979. Appellee was ordered to pay to appellant a total of $3,500 in support alimony in seven annual installments, beginning December 31, 1979. On February 5, 1980, appellee filed a motion to modify, alleging that appellant was cohabiting with a member of the opposite sex resulting in a substantial change of circumstances relating to her need for support alimony.

The statute permitting such a modification became effective October 1, 1979. Appellant challenged the constitutionality of applying the statute to a judgment rendered prior to the effective date of the statute; however, the trial court granted the modification, terminated all future alimony payments and ordered each party to pay his/her own attorney fees. Appellant filed a timely appeal.

Appellant argues the Legislature has no authority to alter a final order or judgment. She argues a judgment is a vested property right and cannot be retrospectively altered by statute. She further argues there is no

language in § 1289(D) to make its effect retrospective.

We find no language in § 1289(D) which either expressly or impliedly indicates that the Legislature intended to give retrospective effect to this statute. If that were their intent it is not so stated. The question as to whether the Legislature lawfully could have worded the subject act so as to make it retroactive is not an issue before us and it is not necessary for us to determine that question in this opinion.

This Court has held in *Wilbanks v. Wilbanks,* 441 P.2d 967, that statutes are to be construed as having prospective operation unless the intention of the Legislature to give retrospective effect is expressly declared or necessarily implied from language used, and in every case of doubt, the doubt must be resolved against retrospective effect. *Wilbanks* passed on the retrospective application of 12 O.S.Supp.1979, § 1289(A) and held that the statute providing that the trial court in divorce decree had discretion to terminate alimony on remarriage of recipient was prospective only, and had no application where divorce was granted before its passage.

Appellant further appeals the refusal of the trial court to grant her attorney fees. Her authorities do not persuade us.

The trial court's order overruling Defendant-appellant's Special Demurrer is reversed. The trial court is ordered to vacate the order terminating alimony payments and to reduce the arrearages to judgment.

IRWIN, C.J., and BARNES, V.C.J., concur.

OPALA, J., concurs specially.

SIMMS, J., concurring specially:

---

1. 12 O.S.Supp.1979, § 1289(D): "The voluntary cohabitation of a former spouse with a member of the opposite sex shall be a ground to modify provisions of a final judgment or order for alimony as support. If voluntary cohabitation is alleged in a motion to modify the payment of support, the court shall have jurisdiction to reduce or terminate support payments upon proof of substantial change of circumstances relating to need for support or ability to support. As used herein, cohabitation shall mean the dwelling together continuously and habitually of a man and a woman who are in a private conjugal relationship not solemnized as a marriage according to law, or not necessarily meeting all the standards of a common-law marriage. The petitioner shall make application for modification and shall follow notification procedures as used in other divorce decree modification actions. The court that entered the divorce decree shall have jurisdiction over the modification application."

I would strike § 1289(D) as unconstitutional.

HODGES, LAVENDER, DOOLIN and HARGRAVE, JJ., dissents.

OPALA, Justice, concurring specially:

I concur in the court's analysis that gives the statute under consideration, 12 O.S.1981 § 1289 D, prospective application from and after its effective date of October 1, 1979. Art. 5 §§ 52 and 54, Okl. Const.[1]

I do not share the court's view, implicit in its opinion, that the statute here in question constitutes the *sole source* of judicial power to terminate support alimony of a recipient who has a cohabiting non-marital mate. A nonspousal union based in a common household may create a bond of economic interdependence that bears all the earmarks of a matrimonial partnership. When interposed for the purpose of terminating support alimony, such bond should be treated as a *de facto* remarriage[2] within the purview of 12 O.S.1981 § 1289 B.[3] This court's pronouncement of a contrary doctrine in *Allgood v. Allgood*[4] should be overruled.

DOOLIN, Justice, dissenting:

In *Wilbanks* we adopted the rule: "Statutes are to be construed as having prospective operation unless the purpose and intention of the Legislature to give a retrospective effect is expressly declared or is *necessarily implied* from the language used." (Emphasis supplied).

I am not stating that the court may terminate support alimony due and owing *prior* to October 1, 1979, the effective date of the statute in question. That would be clearly ex poste facto as the parties did not have notice that the support alimony might be terminated. However, support alimony due *after* October 1, 1979, I view in a far different light. On and after that date the parties, particularly the woman in the case at bar, had notice, and yet continued in the cohabitational status of the statute.

The Appellant argues a judgment is a vested property right and cannot be retrospectively altered by statute. She further argues there is no language in Section 1289(D) to make its effect retrospective. To me a judgment, particularly a support alimony judgment, calling for periodic payments, may fix or define vested property rights but usually is not ipso facto a vested right in itself. Otherwise the Legislature could not have allowed for the termination of support alimony upon the death or remarriage of the recipient, or upon the voluntary cohabitation of the recipient, as in

1. The judgment of a court constitutes "an obligation of the highest nature known to the law." A right to a judgment is "vested". *Vaughn v. Osborne*, 103 Okl. 59, 229 P. 467, 470 [1924]. "A 'vested right' is the power to do certain actions or possess certain things lawfully, and is substantially a property right. It may be created either by common law, by statute or by contract. *Once created, it becomes absolute, and is protected from legislative invasion by Art. 5, Secs. 52 and 54 of our Constitution.*" [Emphasis added]. *Oklahoma Water Resources Board v. Central Oklahoma Master Conservancy District*, Okl., 464 P.2d 748, 755 [1969].

2. The concept of a *de facto* remarriage has been applied in other jurisdictions to effect support-alimony termination. *Parish v. Parish*, 374 So.2d 348, 349 [Ala.Civ.App.1979]; *In re Marriage of Lieb*, 80 Cal.App.3d 629, 145 Cal. Rptr. 763 [1978]; *In re Support of Halford*, 70 Ill.App.3d 609, 27 Ill.Dec. 168, 388 N.E.2d 1131 [Ill.App.1979]. See also *The Effect of Third Party Cohabitation on Alimony Payments*, 15 Tulsa Law Journal 772, 780–785 [1980] *Cf. Allgood v. Allgood*, Okl., 626 P.2d 1323 [1981].

3. The terms of 12 O.S.1981 § 1289 B provide in pertinent part:
"* * * *The court shall also provide in the divorce decree that any* such [alimony] *payment of support shall terminate after remarriage of the recipient,* unless the recipient can make a proper showing that some amount of support is still needed and that circumstances have not rendered payment of the same inequitable. Provided however, that unless the recipient shall commence an action for such determination within ninety (90) days of the date of such remarriage, the court shall, upon proper application, order the payment of support terminated and the lien thereof discharged." [Emphasis added]. Absent an explicit agreement to the contrary which is incorporated in the divorce decree, support alimony is terminable *ex lege* on obligee's remarriage. *Dickason v. Dickason*, Okl., 607 P.2d 674, 677–678 [1980].

4. Supra note 2.

the case at bar. Each payment becomes *vested only when due,* and not before. The fact that the trial court has the discretion, upon proper application, to continue support alimony after remarriage, gives the "vested" argument of Appellant little weight.

I base my dissent on the wording of *Wilbanks' "necessarily implied."* In *Wilbanks* the statute was not retroactively applied because the statute specifically said it was *not* to be so applied. In fact the statute gave two different statutes for divorce decrees granted both *before* and *after* a certain date. See 12 O.S.Supp.1967, § 1289(A) and (B). Upon the addition of Section (D) the Legislature made no move to specifically inhibit its application as it had done in previous sections (A) and (B). To me this is an *unmistakable* message that (D) may be applied to those support alimony payments due after the effective date of the statute, regardless of when the decree was entered.

The statute [section 1289(D)] was designed to modify support alimony in cases where such support alimony was no longer *needed* due to the recipient-spouse's new living arrangements. If, at the time of trial, the cohabitation continues, I would hold the court may modify *all* support alimony *from the effective date of § 1289(D),* including *future* support alimony [subject to the recipient-spouse filing a motion to reinstate alimony if and when the cohabitation changes, again based on *need.*] We base the rule on *need,* not on morality. When the cohabitation has ceased, the court should modify support alimony only for those times when the cohabitation, and hence the need for support alimony, was viable. The object of the statute should not be to punish the spouse who cohabits with a member of the opposite sex; the aim is to allow modification of support alimony when *need* for such has decreased or ceased to exist. We cannot, and will not, dictate our personal moral philosophy.

I am authorized to state that Justice LAVENDER supports this dissenting position.