**Robert E. HOLDSWORTH, Appellant,**

v.

**Linda L. HOLDSWORTH, Appellee.**

**No. 61924.**

Supreme Court of Oklahoma.

June 10, 1986.

W. Keith Thomas, Stillwater, for appellant.

Lynn Osborn, Stillwater, for appellee.

ALMA WILSON, Justice:

The question to which this appeal is directed: shall 12 O.S. 1983 Supp. § 1289(E),[1]

---

**6.** *Thomas v. Keith Hensel Optical Labs,* supra note 1, 653 P.2d at 203.

**1.** The applicable portion of § 1289(E), reads as follows:

Except as otherwise provided in sub-section D of this section, the provisions of any divorce decree pertaining to the payment of support

may be modified upon proof of change in circumstances relating to the need for support or ability to support which are substantial and continuing so as to make the terms of the decree unreasonable to either party. Only those installments accruing subsequent to the motion for modification may be modified.

which permits modification of support alimony upon proof of changed circumstances relating to the need for support or ability to support, apply to an order of support alimony imposed in a decree of divorce rendered prior to the effective date of the statute?

The parties were granted a decree of divorce on April 7, 1983. Appellant was ordered to pay to appellee a total of $65,-000 in support alimony. Of this amount $30,000 was ordered payable at the rate of $500 per month, with the first payment beginning April 1, 1983. The amount of $35,000 was ordered payable at the rate of $600 per month beginning April 1, 1983. On December 12, 1983, appellant filed a motion to reduce the amount of support alimony ordered by the decree of divorce, alleging a change of condition in appellant's financial situation due to a loss of cash flow from appellant's business.

The statute permitting such a modification became effective November 1, 1983. Appellee demurred to the motion to modify on the basis that the provisions of 12 O.S. 1983 Supp. § 1289(E) do not apply to alimony provisions of a decree of divorce imposed prior to the effective date of the statute. The trial court agreed and sustained the demurrer. We affirm.

In *Smith v. Smith*, 652 P.2d 297 (Okl. 1982), this Court held that (D) of § 1289 permitting modification of support alimony when the recipient cohabits with a person of the opposite sex was not applicable to a grant of support alimony imposed prior to enactment of the statute. In the case of *Smith, supra,* the parties were granted a Decree of Divorce on February 15, 1979. Appellee was ordered to pay to appellant a total of $3,500 in support alimony in seven annual installments beginning December 31, 1979. On February 5, 1980, the appellee filed a Motion to Modify alleging that the appellant was cohabitating, resulting in a change of circumstances relating to her need for support alimony. Paragraph (D) of § 1289 was effective October 1, 1979. We found no language in § 1289(D), which either expressly or impliedly indicated that the Legislature intended to give retrospective affect to this statute. We further cited the case of *Wilbanks v. Wilbanks,* 441 P.2d 967 (Okl.1968), which follows the general rule of statutory construction that statutes are to be construed as having prospective operation unless the intention of the Legislature to give retrospective affect is expressly declared or necessarily implied from language used, and in case of doubt, the doubt must be resolved against retrospective affect. *Wilbanks* passed on the retrospective applicable of 12 O.S. § 1289(A), and held that the statute providing that the trial court in rendering a divorce decree had discretion to terminate alimony on remarriage of the recipient was prospective only and had no application where the divorce was granted before its passage.

The divorce by and between the parties to this action was granted on the 7th day of April, 1983. The effective date of 12 O.S. 1983 Supp. § 1289(E), was November 1, 1983. The orders set forth in said Decree of Divorce are not subject to modification.

Appellee's request for appellate attorney's fees denied.

AFFIRMED.

SIMMS, C.J., and LAVENDER, OPALA and SUMMERS, JJ., concur.

HODGES and KAUGER, JJ., concur by reason of stare decisis.

DOOLIN, V.C.J., and HARGRAVE, J., dissent.